## SMITH *v.* RYAN.

### (*City Court of Brooklyn, General Term.* February 24, 1890.)

**1. NEGLIGENCE—DEFECTIVE SIDEWALK.**

> One who causes excavations to be made in the sidewalk in front of his premises, and fails to restore it to a safe condition, is liable to a person injured thereby.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

> It is not negligence *per se* for one to pass over such sidewalk knowing it had been so relaid as to be unsafe; in so doing he is only bound to exercise the care and caution which a person of ordinary prudence would exercise under the circumstances.

**3. SAME—EVIDENCE.**

> In an action for injuries sustained by reason of the defect, evidence as to the act of defendant in taking up the sidewalk is competent, as going to show that its condition, at the time of the accident, was due to the interference with the walk.

**4. SAME.**

> Evidence as to the faulty methods employed by defendant in restoring the sidewalk is competent.

Appeal from trial term.

An action for personal injuries by Charles H. Smith against Joseph Ryan. Verdict and judgment for plaintiff. Defendant appeals.

Argued before OSBORNE and VAN WYCK, JJ.

*Horace Graves,* for appellant. *Dailey & Bell,* for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries sustained by him in falling while passing over the sidewalk in front of the premises No. 1061 Broadway, in this city, owned by defendant, on the evening of January 18, 1889. Plaintiff claimed that his fall was occasioned by reason of the uneven and unsafe condition of the sidewalk, and that such condition was owing to the failure of defendant to properly relay the sidewalk after taking it up on different occasions, to make sewer and water connections with his building. The defense was a general denial. It appeared upon the trial that defendant had, some time prior to the accident, caused excavations to be made in the sidewalk to make sewer and water connections with the premises which he owned; that the flagging on the sidewalk had been so relaid that it was very uneven; and that a piece or corner of one of the flags near the center of the sidewalk was broken, leaving a hole about two or two and a half inches deep, the adjoining flag projecting above the broken flag a half to three-quarters of an inch. It further appeared that defendant had on several occasions endeavored to remedy these defects by relaying some of the flags. Plaintiff, in passing over this sidewalk on previous occasions, had become aware of the existence of this hole, and of the uneven condition of the sidewalk. On the night in question his foot got caught in this hole, and he fell, breaking his arm in two places. Plaintiff obtained a verdict of $1,000, and from the judgment entered thereon, and the order denying a motion for a new trial, this appeal is taken. That it was the original duty of the city to keep and maintain its sidewalks is too well settled to require the citation of authorities to support the proposition; but, on the other hand, it is equally well settled that any person who interferes with the sidewalk for his own private purposes, and fails to restore it to a safe condition, is guilty of a nuisance, and is liable to any person sustaining injury thereby. *Congreve* v. *Smith,* 18 N. Y. 79; *Johnson* v. *Friel,* 50 N. Y. 679. Nor was

it negligence *per se* for plaintiff, knowing the condition of this sidewalk, to pass over it. In so doing, he was only bound to exercise the care and caution which a person of ordinary prudence would exercise under the circumstances; and whether plaintiff exercised such care and prudence was a question, under the evidence, for the jury to determine. *Evans* v. *City of Utica*, 69 N. Y. 166; *Bullock* v. *Mayor*, etc., 99 N. Y. 654, 2 N. E. Rep. 1.

The question as to whether the unsafe condition of the sidewalk was owing to defendant's failure to restore it, after excavating it for his own purposes, and the further question as to whether plaintiff exercised proper care and caution in passing over this sidewalk, with the knowledge that he had of its condition, were to be determined by the jury, and it was properly instructed on those points by the learned trial judge in his charge. Both of these propositions were decided adversely to the defendant, and a careful examination of the evidence fully supports the finding of the jury. The evidence offered as to the act of the defendant in taking up the sidewalk was properly admitted, as going to show that its condition, at the time of the accident, was due to such interference with the sidewalk by defendant, and the faulty method employed by defendant in restoring the sidewalk as testified to, under defendant's exception, was equally pertinent. The twelfth and thirteenth requests to charge, of defendant's counsel, were properly denied. They did not involve matters of law, but contained propositions of facts already in evidence, and adverted to by the learned trial judge in his charge to the jury. For the reasons above stated, we are of the opinion that the judgment and order denying motion for a new trial should be affirmed. Judgment and order denying motion for a new trial affirmed, with costs.