ANNA WHALEN, Respondent, *v.* THE CITIZENS' GASLIGHT CO., Appellant.

(City Court of Brooklyn — General Term, November, 1894.)

While plaintiff was walking on a sidewalk she tripped on a flagstone which had been removed by the defendant's servants while making an excavation for the purpose of placing a gas connection, and which they had placed over another which was broken, and she was thereby thrown down and injured. In an action to recover damages for such injuries, *held*, that the questions of negligence and contributory negligence were properly submitted to the jury.

A person who makes a lawful excavation in a street is bound to be careful and prudent in the performance of the work.

While there is a presumption that a person will exercise care in regard to life and limb, an inference that he was not guilty of contributory negligence cannot be drawn from such presumption.

APPEAL from judgment in favor of the plaintiff, entered upon a verdict, and from order denying a motion for a new trial.

Action to recover damages for injuries sustained by falling over a flagstone which the defendant had removed and placed over another on the sidewalk while connecting its gas main with adjoining premises.

*Frank Sullivan Smith*, for appellant.

*Thomas E. Pearsall*, for respondent.

CLEMENT, Ch. J. The question whether or not the plaintiff was guilty of contributory negligence was properly submitted to the jury. The plaintiff was, at the time of her injury,

36

seventy years of age, and while walking on the sidewalk on Court street, in this city, tripped on a flagstone and was thrown down. The employees of the defendant had removed the flagstone and placed it over another, which formed a part of the sidewalk. The law on this question is well settled by a long line of authorities. *Jennings* v. *Van Schaick*, 108 N. Y. 530 ; *Smith* v. *Ryan*, 8 N. Y. Supp. 853 ; 130 N. Y. 653 ; *Bullock* v. *Mayor*, 99 id. 654 ; *Dale* v. *Syracuse*, 71 Hun, 449 ; *Brown* v. *Syracuse*, 77 id. 411.

The appellant had the right to excavate where it did, but when the sidewalk was disturbed its employees were bound to be careful and prudent in the performance of the work. The testimony does not show to our satisfaction that there was a necessity for placing the flag over the broken one. The latter was not moved, for the reason that it would be difficult to replace, as it was broken in several pieces. The company did the work in a way which would save expense, even if it did interfere with the use of the street by the aged and infirm. The question of the negligence of the defendant was also, under the authorities, properly submitted to the jury.

We do not think that error can be predicated on the exception at folios 140 and 141. Horan had given no testimony as to where the flag was, and if he had, his testimony that he had been told by his foreman to put it in a particular place would be no evidence that he did put it in that place. The exception at folio 175 was not well taken within the authority cited. *Wiwirowski* v. *Lake Shore R. R. Co.*, 124 N. Y. 420. The first part of the proposition is faulty, " that there is no presumption that the plaintiff exercised care and prudence in regard to her life and limb." The request should have been that, while there is a presumption that a person will exercise care in regard to life and limb, yet the inference could not be drawn from such presumption that the plaintiff was not guilty of contributory negligence. In the words of Judge EARL, " the presumption that every one will take care of himself from regard to his own life and safety cannot take the place of proof." *Cordell* v. *N. Y. Central R. R. Co.*, 75

N. Y., 330–332.　The sixth request, if charged, would have misled the jury.　It leaves out of the case the question whether or not a prudent person would have placed the stone, even if it was necessary to put it over the broken flag, without any protection or warning to travelers.　The judgment and order denying new trial should be affirmed, with costs.

Van Wyck, J., concurs.

Judgment and order affirmed, with costs.