Belle V. Nickelsburg, Appellant, *v.* The City of New York, Appellant, Impleaded with Farmers Loan & Trust Company, Also Known as City Bank Farmers Trust Company, Individually and as Trustee under Two Deeds of Trust, Both Dated and Recorded 8/15/19, Made by William Waldorf Astor, Respondent.

First Department, April 10, 1942.

*David C. Broderick* of counsel [*Charles S. Vaccaro* with him on the brief; *Joseph Jeromer*, attorney], for the plaintiff, appellant.

*Stanley Buchsbaum* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the defendant, appellant.

*Edward A. Harmon* of counsel [*William E. Lowther*, attorney], for the respondent.

UNTERMYER, J. The defendant Farmers Loan & Trust Company, as trustee, at the time of the accident for which the plaintiff seeks to recover in this action, was the owner of an apartment house known as 2201–2217 Broadway, New York, N. Y., covering an entire city block between Seventy-eighth and Seventy-ninth streets, Broadway and West End avenue. From a hoistway adjacent to the apartment house iron rails or bars were imbedded in the sidewalk to the curb. The record does not disclose, however, when or by whom these rails or bars had been placed in the sidewalk.

Previous to 1932, when oil burners were installed in the building, ashes and refuse were wheeled from the hoistway to the curb over that part of the sidewalk where the rails were imbedded. After 1932, refuse and other heavy materials were removed in the same manner. From the evidence the jury could have found that there were holes in the cement in and about the rails and that this condition had existed for several months before the accident. On December 29, 1938, the plaintiff caught her foot in one of the holes, described by the witnesses as two to four inches deep and thirteen or fourteen inches long, and was injured.

At the conclusion of the plaintiff's case the court dismissed both the complaint and the cross-complaint of the City of New York against the Farmers Loan & Trust Company. The action then proceeded by the plaintiff against the city, resulting in a disagreement by the jury. The plaintiff and the City of New York appeal.

Ordinarily, an owner is not liable for the proper repair and maintenance of the sidewalk abutting his premises. He is liable, however, if he creates the condition which causes the injury (*Congreve* v. *Smith*, 18 N. Y. 79; *Smith* v. *Ryan*, 8 N. Y. Supp. 853; affd., 130 N. Y. 653); or where the manner in which the sidewalk is used produces the defective condition. (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Joel* v. *Electrical Research Products*, 94 F. [2d] 588.) The owner is also liable where he fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner in order that his property may derive a special benefit. (*Clifford* v. *Dam*, 81 N. Y. 52; *Hart* v. *McKenna*, 106 App. Div. 219; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354.) In the present case it was not necessary for the proper construction or maintenance of the sidewalk for public use to insert these bars or rails. The installation was exclusively for the accommodation of the owner of the premises which he was " bound to repair * * * in consideration of private advantage." (*Heacock* v. *Sherman*, 14 Wend. 58.) It is not important that a previous owner

may have made the installation. "The duty ran with the land as long as the grate was maintained for the benefit of the land." (*Trustees of Canandaigua* v. *Foster, supra.*)

The order dismissing the plaintiff's complaint and dismissing the city's cross-complaint should be reversed, with costs and disbursements to the appellants, and a new trial granted.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., taking no part.

Order dismissing the plaintiff's complaint and dismissing the city's cross-complaint unanimously reversed, with costs and disbursements to the appellants, and a new trial ordered.