HENRIETTA MAHAR, Plaintiff, v. CITY OF ALBANY et al., Defendants.

Supreme Court, Trial Term, Albany County, December 14, 1950.

*Joseph F. Bosley* and *Charles J. Ranney* for plaintiff.

*James J. McGuiness, Corporation Counsel,* for City of Albany, defendant.

*Malcolm G. Bibby* for Luigi Merolle and another, defendants.

TAYLOR, J. The plaintiff, a pedestrian suing to recover damages for personal injuries and expenses incurred in their treatment suffered on August 17, 1949, as a result of falling on the public sidewalk of the defendant city abutting the premises of the individual defendants, has recovered a verdict in the sum of $10,000 against all of the defendants. The defendant city by its cross complaint against the individual defendants seeks relief over and against them pursuant to section 264 of the Civil Practice Act upon allegations that they had made, negligently, repairs to a water cap and line servicing their premises. They resist the defendant city's application on the grounds that it is primarily responsible for the care and maintenance of the public sidewalks within its confines, that the defect therein was created by its employees and that the individual defendants not having been the owners of the abutting premises at the time of the creation of the defective condition of the sidewalk cannot be held responsible for it.

The defect which the jury has found caused plaintiff to fall was occasioned some sixteen months before by the removal by the defendant city of a portion of the concrete sidewalk between two and three feet square which surrounded a vertical, capped

shutoff pipe about two inches in diameter through which a key might be inserted to operate a valve to control the flow of water from the city's main by way of a lateral installed beneath the sidewalk to the premises owned by the individual defendants and by its failure to replace the same with adequate materials with the result that the area, to the extent of the amount of concrete so removed, was depressed for several inches and the shutoff pipe was caused thereby to protrude above the level of the surrounding sidewalk and the depression.

A municipality has the primary duty to maintain its streets and sidewalks in reasonably safe condition for use by the public and ordinarily an owner is not liable for the proper repair and maintenance of a sidewalk which abuts his premises. (*Nickelsburg* v. *City of New York*, 263 App. Div. 625.) However, if he creates or permits to exist in the public sidewalk a condition which causes injury, the construction and installation of which were for the accommodation, special benefit or private advantage of his premises, he is bound to maintain in reasonably safe condition a sidewalk so constructed. The obligation and duty run with the land as long as the construction is maintained for its benefit. It matters not that a prior owner created the condition complained of. (*Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354.) In the case at bar, the installation of the shutoff pipe was exclusively for the benefit of the premises owned by the individual defendants. It was attached to their water lateral. Its sole purpose was to regulate the flow of water through it to their premises. It had no public function. The property owners were therefore liable for its proper repair and maintenance and in the absence of a showing of active negligence on the part of the municipality in the creation of the defective condition, they were solely so liable and the defendant city would be entitled to recover against them by way of indemnity for any loss which it sustained because of its primary underlying duty to users of the public street. (*Satta* v. *City of New York*, 272 App. Div. 782; *Schrold* v. *City of New York*, 298 N. Y. 738.) There was such a showing in this case. The negligence of the defendant city was not passive. It was active and affirmative. Its employees had removed the concrete sidewalk surrounding the shutoff pipe and replaced it with gravel, dirt or sand which was subsequently washed away by surface water flowing on the sloping sidewalk with the result that a basin-shaped depression between two and three feet square and several inches deep was created and permitted to exist for a long period of time within the area of which was the pipe

estimated to have protruded between two and three inches above the level of the sidewalk. The jury has found that the plaintiff caught her foot in the existing defective condition. Hence, the defendant city and the defendant owners were joint tort-feasors *in pari delicto,* the former because of its active participation in the creation of the defect and the latter because of their failure properly to maintain in reasonably safe condition a shutoff pipe imbedded in the sidewalk for the special benefit of their premises. No liability over can exist where the defendants are joint tort-feasors except by way of contribution where one has paid more than his prorata share of a money judgment. (Civ. Prac. Act, § 211-a; *Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468 [3d dept., Nov. 15, 1950].)

The defendant city's motion is denied and its cross complaint dismissed.

Submit order accordingly.