Reita B. Gordon, Respondent, v. City of Albany, Defendant, and J. & S. Operating Co., Inc., Appellant.

Third Department, May 9, 1951.

*John J. Scully* for appellant.

*Franklin P. Gavin* for respondent.

FOSTER, P. J.  Defendant-appellant appeals from a judgment entered against it in a negligence action, and from an order denying its motion for a new trial.  In the same action a verdict of no cause of action was returned in favor of the other defendant, the City of Albany.  No appeal was taken from any judgment that may have been entered on that verdict.

The case arose when plaintiff was injured as she stepped into an excavated area in the sidewalk in front of appellant's premises on South Pearl Street in the city of Albany, and her foot caught under the cap of a water shutoff valve.  This valve had been placed there for the purposes of controlling the intake of water from a city water main into a sprinkling system installed for fire protection in appellant's building.

Appellant had a contract with the Sano-Rubin Construction Company to remodel its building and install a sprinkler system.  The contract for the installation of the sprinkler system was sublet to E. W. Tompkins Co., Inc.  The latter made an application to the department of public works of the City of Albany for permission to open the street for the purpose of tapping the water main and connecting a pipe to the sprinkler system.  The proof indicates that the main could only be tapped by city employees, but this was not true of the excavation work.  However the subcontractor requested the city to do the excavation

work, and the latter acquiesced. On February 3, 1948, one slab of concrete, where it joined the curb, was removed from the sidewalk in front of appellant's premises and an excavation some five feet deep was made by employees of the city water department. The excavation remained open until February 14, 1948, during which period it was barricaded by the city but not thereafter. It was then refilled, and as the fill settled additional material was added from time to time. The concrete slab was not replaced by the city until April 16, 1948. Plaintiff's accident happened on the 18th of March. Evidently as the fill settled the water shutoff valve became elevated above it, and plaintiff fell as her foot caught under the cap of this valve.

Assuming plaintiff was entitled to recover for her injuries it seems clear on the foregoing facts, which were undisputed, that both defendants were liable. Nevertheless the jury exonerated the city. Apparently this result was arrived at by the jury through a misunderstanding of the " special benefit rule ". Primarily the duty to maintain the sidewalk in question in a reasonably safe condition rested upon the city, and this duty continued and survived any application of the special benefit rule to the appellant as an abutting owner so far as the plaintiff's claim is concerned. It is true that an abutting owner, although ordinarily not liable for the maintenance of a sidewalk in front of his premises, may become liable if there is some feature in the construction of a sidewalk, not connected with the public use, which confers a special benefit on his property (*Clifford* v. *Dam,* 81 N. Y. 52; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354).

Apparently the jury took this rule to mean that if the work here was for the special benefit of the appellant, and the latter was in any way negligent, that no liability rested against the city. This was an erroneous conception. The doctrine invoked confers no immunity upon a municipality against an injured pedestrian, although it may give rise to liability over against an abutting owner and in favor of the municipality (*Schrold* v. *City of New York,* 273 App. Div. 872, affd. 298 N. Y. 738; *Satta* v. *City of New York,* 272 App. Div. 782). The rationale of these principles is that the wayfarer has the right to rely, if he so chooses, upon the primary liability of the municipality to maintain its sidewalks in a reasonably safe condition, or he may rely upon the liability of both if the abutting owner has the duty to maintain some part of the sidewalk constructed for his special benefit.

The city's liability here was twofold: First, because of its primary duty to maintain the sidewalk in a reasonably safe condition; second, because of its failure to correct a dangerous situation which it had created. The appellant was liable, not only because the work was being done for its special benefit, but also because the city was acting for it at the request of its subcontractor. All the work on the excavation and the replacement of the concrete slab was done wholly by the city for hire. It not only granted the permit, but it did the work although not required to do so. Hence so far as the work is concerned it became just another contractor acting for the owner, and it had the same duty to the public to keep the place reasonably safe that the abutting owner or another contractor would have had if either of them had performed the same work. In the very nature of things it could not perform part of the work, then leave it for an interval of several weeks and escape liability to a third party if a dangerous condition resulted. On the other hand appellant, or its contractors, were not required to hire the city to do the work so far as the record indicates. However, once it had permission to open the street for its own private purposes the duty was imposed on it to see that the street was restored to its original safe condition (*Clifford* v. *Dam, supra*). It could not delegate that duty to any contractor, public or private; and hence it could not escape liability therefor by hiring the city to do the work, unless of course some ordinance or statute required it to leave the work to the city authorities. No such statute or ordinance has been called to our attention, and we find none.

As the foregoing indicates the verdict in our opinion should have been against both defendants, but we are now powerless to correct the omission. No appeal was taken by the plaintiff from the judgment of no cause of action in favor of the city, and the appellant could not appeal from that judgment (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124). So far as the appellant is concerned, however, its liability was manifest.

The judgment should be affirmed.

HEFFERNAN, BREWSTER, DEYO and BERGAN, JJ., concur.

Judgment affirmed, with costs.