HENRIETTA MAHAR, Respondent, v. CITY OF ALBANY et al., Appellants.— Defendants appeal from a judgment of the Supreme Court against them and in plaintiff's favor, rendered upon a jury verdict after trial in Albany County, and from an order of the court denying their motions to set aside the verdict and for a new trial. The city further appeals from the denial of its motion for judgment over against the codefendants. The facts in this case are markedly like those presented in the case of *Gordon* v. *City of Albany* (278 App. Div. 233), recently decided by this court, and the questions presented upon this appeal were discussed and find determination in the opinion written in that case. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ. [198 Misc. 904.]

■

In the Matter of NEW YORKER HOTEL CORPORATION, Petitioner, against MARK GRAVES et al., Constituting the Tax Commission of the State of New York, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a franchise tax determination made by the respondents. Although this proceeding was commenced nearly eleven years ago it was submitted to the court at the May, 1951, Term. On May 14, 1937, petitioner filed its franchise tax return for the base year 1936 for the tax year commencing November 1, 1937. It deducted as an item chargeable against income the sum of $807,503.98 which was interest accrued and owing to two corporations which were its stockholders. Its return thereby showing a net loss it paid a tax of $2,405.14 based on the alternative one mill rate on the value of its capital stock. The Tax Commission determined that 90% of the $807,503.98 of interest could not be deducted for the purpose of arriving at net income. This elimination from the computation resulted in a gain rather than a loss, and the commission assessed a tax of $33,707.08 against the relator. The statute providing that 90% of the interest paid to a stockholder of a corporation must be excluded in calculating net income became a law May 22, 1937 (L. 1937, ch. 499), by an amendment to subdivision 3 of section 208 of the Tax Law. This section deals with definitions. The petitioner's argument is that this amendment did not relate retroactively to a tax return filed May 14th, eight days before the statute was effective. This argument is reasonable enough, but if it be accepted, the return filed May 14th is governed by the statute as it then read. The statute as it then read excluded interest paid stockholders entirely from calculation in arriving at net income, unless it was interest on money borrowed for the " ordinary expenses of the corporation." It is not even argued in the petitioner's brief that the interest sought to be deducted was for such purpose and nothing in the record demonstrates any such purpose. It would require, indeed, an extraordinary showing, and an extraordinary corporation if $11,000,000 which was one stockholder's share of one of the mortgage debts was for ordinary expense in any sense. Under the statute, which would apply if petitioner's contention is sustained, the entire interest on such debts would be excluded. The argument of the commission is that the petitioner is not aggrieved, and we are of opinion no grievance has been shown. Determination unanimously confirmed, with $50 costs and disbursements. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.