JEAN M. OHRT, Respondent, v. CITY OF BUFFALO, Appellant and Third-Party Plaintiff-Appellant. JULIA KOSSA, Third-Party Defendant-Respondent.

Fourth Department, March 18, 1953.

*Fred C. Maloney, Corporation Counsel (Daniel J. Lucitt* of counsel), for appellant.

*Richard F. McDonough* for respondent.

*Adolph M. Newman* and *Jules J. Neifach* for third-party defendant-respondent.

*Per Curiam.* Appellant City of Buffalo in its brief and on the argument did not question plaintiff's right to recover against it, but did contend that its claim over against the property owner should have been sent to the jury.

The plaintiff's injuries were caused by stepping into a water meter box in the sidewalk, caused by the cover being loose. The third-party complaint alleged in paragraph 5 that the property owner, Mrs. Kossa, " maintained, managed and controlled said premises known as 275 South Park Avenue, Buffalo, New York, and the appurtenances thereto." It further alleged in paragraph 7 that the third-party defendant (Mrs. Kossa) maintained the " water meter box for the special use and benefit of premises known as 275 South Park Avenue ". Both of those allegations were admitted in the third-party defendant's answer. On these admissions the appellant was entitled to a judgment over as a matter of law unless it was shown that the city had been guilty of active negligence which caused the water meter box cover to become loose. (*Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354; *Schrold* v. *City of New York*, 273 App. Div. 872, affd. 298 N. Y. 738; *Nickelsburg* v. *City of New York*, 263 App. Div. 625; *Gordon* v. *City of Albany*, 278 App. Div. 233, motion for leave to appeal denied 302 N. Y. 949; *Mahar* v. *City of Albany*, 198 Misc. 904, affd. 278 App. Div. 1003, affd. 303 N. Y. 825.)

After the evidence had been closed the third-party defendant, Kossa, was permitted to amend her answer to deny the 5th and 7th allegations of the third-party complaint, previously admitted. Counsel for the city excepted and moved for a mistrial, which motion was denied. The court then granted the motion of the third-party defendant to dismiss the third-party complaint, to which ruling counsel for the city excepted. This was error which requires a new trial.

On the pleadings, as amended, issues of fact may be presented as to the ordinances, rules and regulations of the city concerning the installation, maintenance and repair of water meter boxes in the sidewalks and public streets of the city, also as to whether or not the city through its employees was guilty of any act of negligence which caused the cover of the box to become loose. In the absence of a showing that the city assumed the control and maintenance of the box and cover, the rule that a property owner is bound to keep in repair any installation in the sidewalk in front of his premises which was placed there for the benefit of the premises and not for the public at large is here applicable.

The judgment and order in favor of plaintiff against the defendant City of Buffalo should be affirmed. The judgment in favor of the defendant Kossa dismissing the third-party complaint of the City of Buffalo should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

Judgment and order in favor of plaintiff affirmed, with costs. Judgment in favor of third-party defendant reversed on the law and a new trial granted, with costs to the appellant to abide the event.