OLLIE OLIVIA, Respondent, *v.* ARTHUR GOUZE et al., Appellants, and CITY OF NEW YORK et al., Appellants-Respondents.

First Department, May 10, 1955.

*Alexander E. Rosenthal* of counsel (*Irving Segal*, attorney), for appellants.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel*, attorney), for City of New York, appellant-respondent.

*Joseph F. Lenihan* of counsel (*Frederick Mellor*, attorney), for Clearbrook Food Shop, Inc., appellant-respondent.

*Edward V. Whiting* for respondent.

COHN, J. This action is for personal injuries against defendants Gouze, who are the owners of a multiple dwelling, the City of New York (hereafter referred to as City) and Clearbrook Food Shop, Inc. (hereafter referred to as Clearbrook), tenant of a grocery store in the multiple dwelling.

After a trial, the jury rendered a verdict in favor of plaintiff against the three defendants. The trial court thereafter decreed judgment over in favor of the City against defendants

Gouze and Clearbrook on the City's cross complaint against them, and dismissed the cross complaint of defendants Gouze against Clearbrook. All defendants appeal from the judgment entered in favor of plaintiff against them. Defendants Gouze and Clearbrook appeal from the judgment in favor of the City on its cross claim, and defendants Gouze appeal from the dismissal of their cross claim against Clearbrook.

Defendants Gouze were the owners of a building on the corner of Amsterdam Avenue and West 159th Street, in New York City. An iron grating extended out from the building line to a width of four feet. At the edge of this grating and along its entire length was a stone coping or curbing one foot in width and elevated one to two inches above the level of the main sidewalk. A wooden ramp or platform placed on top of the iron grating on Amsterdam Avenue and about the width of the doorway of the grocery store of Clearbrook was used for ingress to, and egress from, the store. Plaintiff claimed that the accident for which she has recovered occurred when on leaving the store she caught her heel and fell on a broken portion of the stone coping which supported the iron grating adjacent to the entrance to the store. The break in the coping was about four feet from the ramp that led into the store. It was a broken piece about seven or eight inches in length, three or four inches in width, and about one and one-half inches deep.

The evidence is undisputed that the grating in the sidewalk was a means of supplying light and air to the subsurface vault and the adjacent basements, and that the basements, to which access could be had only by way of the cellar door on Amsterdam Avenue, and an areaway on 159th Street were used by Clearbrook for the storage of merchandise and other purposes connected with the conduct of the grocery. The coping on which plaintiff fell, so it was testified, was necessary to the construction and maintenance of the grating. The coping was described as a cap over the retaining wall of the vault which kept the adjacent sidewalk from falling and also served to prevent dirt and rain water from entering the subvault space.

Where a cross complaint is interposed as in this case, the court is required to weigh the factual delinquencies of the parties involved. (*Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414, 418, affd. 298 N. Y. 686; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314, 327 *et seq.*)

The jury's verdict in the main action was based upon a finding of negligence by each of the defendants. The City was held liable in that it failed to discharge its primary duty of reasonable

care in the maintenance of the sidewalk, including the coping, grating or raised portion of the sidewalk, and by reason of its failure to inspect the sidewalk for at least a year prior to the accident; the owners because of their failure to comply with their affirmative duty to properly maintain the elevated portion of the sidewalk which was constructed in a special manner in order that their property might derive special benefit therefrom; and Clearbrook, the tenant, because of the use and benefit it derived from the special construction, and for its failure to keep and maintain the grating and coping in repair so that its customers entering or leaving the store might do so in safety and not be unreasonably exposed to danger.

Under the law an owner is liable where he fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner in order that his property may derive a special benefit. The fact that the special construction was installed by a prior owner or tenant is immaterial. (*Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354, 359 *et seq.; Nickelsburg* v. *City of New York,* 263 App. Div. 625, 626; *Ohrt* v. *City of Buffalo,* 281 App. Div. 344, 345.)

The proof indicated that Clearbrook had two storerooms in the basement of the premises underneath the grating, access to which was afforded by surface cellar doors on Amsterdam Avenue and West 159th Street, and that the cellar doors were always under the dominion and control of Clearbrook who kept them locked and who alone was in possession of the keys to such locks. There was also proof that merchandise was delivered to the store by tradespeople who propelled their hand trucks over the stone coping and along the iron grating, and that the employees of Clearbrook utilized the grating and the stone coping for similar purposes. Moreover, there was testimony by the superintendent of the building that prior to the accident, the agent of the building, deceased at the time of the trial, had requested the storekeeper to repair the break in the concrete coping on Amsterdam Avenue but that it failed to do so and that after the accident repairs were made to the very place in question at the request and at the expense of Clearbrook. Clearbrook did not deny upon the trial that such repairs had been made. Though proof of repairs made after the accident was not admissible as to negligence, it was material and relevant as to control and maintenance. (*Noble* v. *Marx,* 298 N. Y. 106, 109, 110; *Scudero* v. *Campbell,* 288 N. Y. 328, 329; *Antonsen* v. *Bay Ridge Sav. Bank,* 292 N. Y. 143, 146.)

Upon the evidence the jury properly found that all three defendants were negligent. The Trial Judge was fully warranted in directing recovery over by the City of New York, which was passively negligent, against the owners and the storekeeper who were actively negligent. (*Ohrt* v. *City of Buffalo,* 281 App. Div. 344, *supra.*) As both defendants Gouze and defendant Clearbrook were in control of the grating and coping, each was under an affirmative duty to properly maintain the premises, and their failure to discharge that obligation rendered them both liable as joint tort-feasors. (*Friedlein* v. *Dittmar,* 270 App. Div. 321, 322.)

For all the foregoing reasons plaintiff was entitled to recover against all defendants; defendants Gouze and Clearbrook were properly held to be active primary tort-feasors and *in pari delicto* as to each other. In the circumstances, defendants Gouze were not entitled to a recovery over against Clearbrook.

The judgment should be affirmed in all respects.

CALLAHAN, J. (dissenting). I dissent only insofar as the defendant Clearbrook Food Shop, Inc. (hereinafter called Clearbrook), is held liable in any respect. The plaintiff's complaint and the cross complaint of the City should be dismissed against the said defendant.

The plaintiff was injured when she fell upon a break in a stone coping built around a vault that was covered by a sidewalk grating in front of premises at the southeast corner of 159th Street and Amsterdam Avenue, New York City. The premises were owned by the defendants Gouze, and Clearbrook occupied a store on the ground or street floor. The building was very old, and for a long time had a covered vault about four feet wide topped with an iron grating on both the Amsterdam Avenue and 159th Street sides. The coping around the vault at street level was about two or three inches high and twelve inches wide. This constituted a raised part of the sidewalk. The purpose of the coping was to hold the grating in place and keep rain from flowing into the areaway beneath. The coping had fallen into a state of disrepair, which had existed since prior to September 1, 1950, when the store premises were leased to Clearbrook. The lease required Clearbrook to make necessary repairs to the leased premises, except structural repairs, but the premises obviously did not include any part of the sidewalk or coping. Clearbrook used portions of the basement of the building for storing some of its stock of goods. Access to the basement was had by means of a stairway reached

through sidewalk doors adjacent to the so-called " ramp " leading into the store. These doors are south of the entrance to the store. The accident occurred north of the entranceway.

Clearbrook did not use the vault or areaway beneath the sidewalk grating for the storage of its goods, but only portions of the basement within the building line.

Thus it appears that there is no basis for holding Clearbrook as tenant of the store liable for the defective condition in the coping. It was not in control of the coping, neither created the condition which caused the injury, nor is it shown that Clearbrook derived any benefit from the special construction or had any obligation to repair the defect, which was not part of the entrance to the store. The defective coping was really a part of the sidewalk itself.

There was testimony of promises by Clearbrook to repair the coping in front of its store premises and other evidence of attempted repairs after the accident by the landlord's superintendent at Clearbrook's suggestion. The storekeeper, however, denied that any sidewalk repairs were made at its request, but only repairs inside the store. However, regardless of whether any outside repairs were made, or when, the fact that the landlord's agent may have made such repairs at the tenant's suggestion would not create a duty on the part of the tenant not imposed by the lease to maintain the sidewalk coping. Clearbrook, therefore, should have been exculpated from liability in the circumstances of this case.

BASTOW and BOTEIN, JJ., concur with COHN, J.; CALLAHAN, J., dissents in opinion in which PECK, P. J., concurs.

Judgment, so far as appealed from, affirmed, with costs to the plaintiff-respondent.