ETHEL SMITH, Appellant, *v.* CITY OF CORNING, Respondent, et al., Defendants.

ETHEL SMITH, Appellant, *v.* CITY OF CORNING, Defendant, and JOHN BONADY et al., as Executors of FRANK BONADY, Deceased, et al., Respondents.

Fourth Department, June 30, 1961.

*Harry Treinin* for appellant.

*W. Earle Costello* for respondent.

*Per Curiam.* Plaintiff was injured when she fell on a sidewalk in the City of Corning, New York. She has sued the City of Corning, the owners of the property in front of which she fell and the lessee of the property. There is no question that a very dangerous condition of the sidewalk caused her to fall. This was at the site of a water shutoff pipe.

The Trial Justice dismissed the complaint as against all defendants after all defendants had rested, on the theory that no cause had been made out against any defendant as a matter of law. The plaintiff has appealed. The dismissals were erroneous and reversal and a new trial are required.

We shall discuss first the liability of the defendant City of Corning. At the time of this accident and prior thereto, section 30 of the Charter of the City of Corning provided: " The city shall not be liable for any injury caused by such highways, streets, alleys, sidewalks or crosswalks being out of repair * * * unless actual notice of the unsafe and dangerous condition thereof has been given to the mayor or the city clerk of said city a reasonable time before the happening of such injury." (L. 1943, ch. 710, part 3, tit. 11, § 160.)

It is conceded by the plaintiff that no notice was given to the city prior to the happening of the accident. However, notice was served thereafter in accordance with the terms of section 50-e of the General Municipal Law. Of course, this latter notice would not be sufficient unless the city was making a special use of the portion of the sidewalk where the accident occurred or had caused or maintained such dangerous condition.

We said in *Filsno* v. *City of Rochester* (10 A D 2d 663). " It might be found that plaintiff tripped and fell by reason of respondent's negligence in causing and maintaining a dangerous condition in the sidewalk in the form of a cast-iron cover over a survey monument installed more than 40 years ago by the city. Thereby respondent was making a special use of the portion of the sidewalk where the accident occurred."

There is no doubt that the city was making a special use of the portion of the sidewalk where the accident occurred although the time when the shutoff pipe and the adjacent sidewalk was repaired is in some doubt. There is little question, however, that the city participated in the repair therein and there is also no question that the city was at least in partial control of the shutoff pipe. The Superintendent of Public Works of the city testified that the city controlled the water lines from the main into the shutoff pipe and that the owners controlled it from the pipe into the house. Thus, we have the city and the owners each in partial control of this shutoff pipe and liable for its proper and safe maintenance. Therefore, the notice which was served after the accident was proper and sufficient.

There was a question of fact for the jury as to the control or partial control of the shutoff pipe and the surrounding sidewalk and its special use by the city. These matters should have been submitted.

As to the defendant owners, the rule is much the same. In *Gordon* v. *City Albany* (278 App. Div. 233, 235) the court said: "It is true that an abutting owner, although ordinarily not liable for the maintenance of a sidewalk in front of his premises, may become liable if there is some feature in the construction of a sidewalk, not connected with the public use, which confers a special benefit on his property." There was a special benefit to the owners resulting from the shutoff pipe which served their property (see, also, *Wylie* v. *City of New York,* 286 App. Div. 720; *Ohrt* v. *City of Buffalo,* 281 App. Div. 344; *Mahar* v. *City of Albany,* 198 Misc. 904, affd. 278 App. Div. 1003). Also pertinent is *Nickelsburg* v. *City of New York* (263 App. Div. 625, 626) where it was said: "Ordinarily, an owner is not liable for the proper repair and maintenance of the sidewalk abutting his premises. He is liable, however, if he creates the condition which causes the injury (*Congreve* v. *Smith,* 18 N. Y. 79; *Smith* v. *Ryan,* 8 N. Y. Supp. 853; affd., 130 N. Y. 653); or where the manner in which the sidewalk is used produces the defective condition. (*Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129; *Joel* v. *Electrical Research Products,* 94 F. [2d] 588.) The owner is also liable where he fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner in order that his property may derive a special benefit. (*Clifford* v. *Dam,* 81 N. Y. 52; *Hart* v. *McKenna,* 106 App. Div. 219; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354.)"

The lessee leased the entire property and of course, the special use to which the owners put the shutoff pipe was beneficial to him as well as to the owners. In his lease, the tenant agreed to pay all water bills and of course as we have said, he was vitally interested in having an adequate water supply in and upon the property.

The case should also have been submitted to the jury as to both the landlords and the tenant. The judgments appealed from should be reversed and a new trial granted.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ.

Judgments unanimously reversed on the law and a new trial granted, with costs to the appellant to abide the event.