ALEXANDER THOMSON, Respondent, v. CITY OF NEW ROCHELLE, Defendant, NEW ROCHELLE WATER COMPANY, Appellant-Respondent, and CECELIA SCHULMAN, Appellant.— In a negligence action to recover damages for personal injuries, defendants New Rochelle Water Company and Cecelia Schulman appeal, as limited by their briefs, from stated portions of a judgment and an amended judgment of the Supreme Court, Westchester County, entered respectively on December 17, 1968 and January 9, 1969. The appeals, as thus limited, are from so much of each judgment as is in favor of plaintiff against both said defendants upon a jury verdict of $17,500 against the latter and

from so much of the amended judgment as dismissed defendant Schulman's cross claim against defendant New Rochelle Water Company upon the trial court's decision (the parties had agreed that the issues on the cross claim be decided by the trial court and not the jury). Appeals from the original judgment, entered December 17, 1968, dismissed as academic. That judgment was superseded by the amended judgment. Amended judgment affirmed insofar as appealed from. One bill of costs is allowed to plaintiff against appellants jointly, to cover all the appeals. In our opinion, plaintiff's proof, accredited by the jury, established the negligence of both appellants and his own freedom from contributory negligence. On the cross claim of appellant Schulman against appellant New Rochelle Water Company, we hold that, if this were the ordinary case, Schulman, as adjoining owner, who merely acquiesced, might have the right of recovery over against the Water Company, the party that installed the hazard on which plaintiff tripped, on the accepted theory that, *inter se*, in a case involving joint tort-feasors, the one guilty merely of passive negligence is entitled to indemnity from the active wrongdoer (*Lobello* v. *City of New York*, 268 App. Div. 880, affd. 294 N. Y. 816; *Baruch* v. *City of New York*, 20 A D 2d 788; *Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686). However, this is not the ordinary case where the passive property owner may shift his responsibility for maintenance of an obstruction on his sidewalk over to the party that actively created the hazard. The Trial Justice found, and Schulman concedes, that she derived a special benefit from the sidewalk as it was used, even though the installation thereon had been made by the Water Company. As such special beneficiary, Schulman herself bore the active duty of maintaining her " special" sidewalk in reasonably safe condition (*Nickelsburg* v. *City of New York*, 263 App. Div. 625), if she had actual notice of the hazard (*Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112; *Thornton* v. *City of New York*, 21 A D 2d 813). At bar, the proof adduced by Schulman herself negatives the conclusion that she had no actual notice, because it sustains the conclusion that she did have — or so the trier of the fact could find — actual notice of the Water Company's faulty installation, and failed to comply with the request of the defendant City of New Rochelle to make corrective repair thereto. Under the circumstances, Schulman was in effect *in pari delicto* with the Water Company. Brennan, Rabin and Benjamin, JJ., concur; Christ, Acting P. J., and Munder, J., concur in the dismissal of the appeals from the original judgment and the affirmance of the amended judgment insofar as it is in favor of plaintiff against both appellants, but otherwise dissent and vote to reverse the portion of the amended judgment which dismissed defendant Schulman's cross claim against defendant New Rochelle Water Company and to grant judgment to Schulman upon said cross claim, with the following memorandum: On October 5, 1963, plaintiff was injured when he tripped over a water shutoff valve cover which had been installed by the defendant water company in the public sidewalk adjacent to premises owned by defendant Schulman. We agree with the majority that the verdict against both these defendants was proper. The water company breached a duty owed to plaintiff by creating a dangerous condition in the public sidewalk. Schulman, the abutting owner, breached a duty owed to plaintiff by failing to discover and remedy a dangerous condition in the sidewalk caused by a device which rendered a special benefit to her property. As to the cross claim of Schulman, however, we think she was entitled to judgment over against the water company which had created, maintained and controlled the condition that caused the injury. The failure of a landowner to discover and remedy a dangerous condition created by another is passive negligence unless the landowner, after actual notice of the danger, acquiesces in the continuation of the danger (*Kurek*

v. *Port Chester Housing Auth.*, 18 N Y 2d 450, 455; *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 116–117). In our opinion, there was no evidence in this case to support a finding that Schulman had actual notice of the dangerous condition, and the trial court, in dismissing her cross claim, made no finding of such notice. The "special benefit" theory merely imposes a duty on the adjacent owner which would not otherwise exist (*Smith* v. *City of Corning*, 14 A D 2d 27, 29). It does not automatically render a breach of that duty "active" negligence precluding recovery over from the creator of the dangerous condition. Whether negligence is active or passive depends on the relative culpability of the parties, whether they are *in pari delicto* (*Melodee Lane Lingerie Co.* v. *American Dist. Tel. Co.*, 18 N Y 2d 57, 66–67. *Musco* v. *Conte*, 22 A D 2d 121, 124–125). We think that the water company, which installed, maintained and controlled the water shutoff valve cover, was actively negligent; that Schulman, who failed to discover and remedy the condition, was passively negligent; and that her cross claim against the water company should have been sustained (cf. *Ohrt* v. *City of Buffalo*, 281 App. Div. 344).