■ SOPHIE SHATZMAN et al., Respondents, v. CITY OF NEW YORK, Defendant, and BENSUL REALTY Co., INC., Appellant.— In an action to recover damages for personal injuries, in which the issues of liability and damages were tried separately, defendant Bensul Realty Co., Inc. appeals from so much of a judgment of the Supreme Court, Kings County, entered February 23, 1971, as is against it and in favor of plaintiffs, upon jury verdicts, the verdict as to damages being $36,000 for plaintiff Sophie Shatzman and $10,000 for plaintiff Gabriel Shatzman. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and complaint as against defendant Bensul Realty Co., Inc. dismissed. Appellant is the owner of a multiple dwelling house in front of which the plaintiff wife fell and sustained injuries. She testified she fell in a hole in the sidewalk which was a foot square and two or three inches deep. She sought to impose liability on appellant on the basis of its alleged negligent repairs of the sidewalk before the accident. Both plaintiffs

testified they had seen appellant's superintendent make periodic repairs of various parts of the sidewalk in front of the premises, but they did not testify that they had seen repairs being made to the specific place where the accident occurred. They had seen a hole in the sidewalk for four or five months preceding the accident. Plaintiffs rested on this evidence and decision was reserved on appellant's motion to dismiss for failure to establish any negligent repairs. Defendant city in its defense called appellant's superintendent as a witness. He denied making repairs to the spot in question. He was shown a statement prepared by an investigator for plaintiffs. He admitted having signed the statement after the accident and that it was true. The statement was received in evidence. In that statement he had indicated that about a year prior to the happening of the accident he repaired the spot where plaintiff wife fell. In part the statement is as follows: "In the summer of 1965 I did extensive repair work to the sidewalk. I patched the holes the best I could. * * * These repairs were made by me but did not hold properly. The snow and ice and the people walking on the sidewalk loosened the concrete repairs covering up old holes. On June 17, 1966 about 1 P.M. I went outside and saw some police officers outside. A woman Mrs. Schatzman of 1450-44th St. fell in a hole on the public sidewalk and injured herself. The hole she fell in is the one I am pointing to in the pictures. This is the hole that I had fixed last summer and that the concrete came loose on." This constituted all the evidence even remotely connected with the claim that negligent repairs had been made. In order to establish a basis for liability on the part of appellant, plaintiffs had to prove that a defective condition in the sidewalk was created by appellant (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Friedman* v. *Gearrity*, 33 A D 2d 1044; *Nickelsburg* v. *City of New York*, 263 App. Div. 625). Plaintiffs' theory was that appellant's superintendent had repaired the sidewalk in a negligent manner and had thereby created a dangerous condition. At bar the only evidence relating to the repairs was contained in the statement by the superintendent. As we read that statement, while it might be construed as establishing that appellant had made repairs, it does not indicate that those repairs were made in a negligent fashion. In fact, the statement tends to exonerate appellant, since it attributes the breaking up of the repairs to snow and ice and normal traffic. Thus, we conclude that plaintiffs failed to establish that appellant had made improper or negligent repairs (*Friedman* v. *Gearrity*, *supra; Allen* v. *Carr*, 28 A D 2d 155, 157, affd. 22 N Y 2d 924). Munder, Martuscello and Gulotta, JJ., concur; Rabin, P. J., and Benjamin, J., dissent and vote to affirm, with the following memorandum: In relevant part, the superintendent's statement said this: "The public sidewalk in front of the house is in bad condition. I do all of the repairs to the sidewalk. I mix my own cement and sand to fix the sidewalk. In the summer of 1965 I did extensive repair work to the sidewalk. I patched the holes the best I could. Mr. Inser [appellant's president] supervised me making the repairs. These repairs were made by me but did not hold properly. The snow and ice and the people walking on the sidewalk loosened the concrete repairs covering up old holes. * * * The hole * * * [plaintiff] fell in * * * is the hole that I had fixed last summer and that the concrete came loose on". In our opinion, the jury had every right to construe this statement as a concession by the superintendent that he had repaired the subject hole in a negligent manner. Indeed, this would seem to be the only reasonable interpretation of it, in view of the facts (a) that he himself had made the cement mix with which he had patched the hole as "best * * * [he] could" and (b) that the patch "did not hold properly" and soon came loose under normal pedestrian traffic and weather conditions. Clearly, the jury could find from these facts that the

cement mix was defective, or the patch was unskillfully and improperly made, or that both occurred. There consequently is ample support in the record for the jury's finding of liability and the judgment should be affirmed insofar as appealed from.