Andrew J. Di Paola, J.
The defendants Blake move for summary judgment dismissing (1) the complaint and (2) the cross complaint of their codefendant, Town of Hempstead. The plaintiff does not appear on this motion. The complaint alleges in its first cause of action against the town a claim that because of a hole in the sidewalk in front of the movants’ premises and its “ out-of-repair condition ” the infant plaintiff sustained injuries on March 6,1972. In the second cause of action directed against the movants there is an allegation of the existence of “ a hole and broken area in the sidewalk surface ” at the time and place of the asserted injury and that the defendants had knowledge thereof for “ upwards of a year and more ” prior to the accident but made no repairs.
The second cause of action is dismissed, without opposition. “Asa general rule it is only the municipality which may be held liable for the negligent failure to have defects and dangerous conditions in a sidewalk repaired, unless a charter, ordinance or statute clearly imposes liability upon the owner in favor of the injured person ” (Friedman v. Gearrity, 33 A D 2d 1044; see, also, Roark v. Hunting, 24 N Y 2d 470; City of Rochester v. Campbell, 123 N. Y. 405). The applicable ordinance (Code of the Town of Hempstead, ch. 181, § 181-11) merely requires that an “ owner or occupant of any house or other building * * * shall at all times keep such [the abutting] sidewalk in good and safe repair and maintain the same * * * free from * # * obstructions or encumbrances ” (see, also, Town Law, § 130, subd. 4). Nothing in the ordinance imposes any liability upon *1002 the owner or resident in favor of injured persons. The complaint makes no allegation that the movants created the defective condition or that it was paused by their use of the sidewalk (Mullins v. Siegel-Cooper Co., 183 N. Y. 129; Weinberg v. Wing, 16 A D 2d 900; Nickelsburg v. City of New York, 263 App. Div. 625).
However, the cross complaint of the defendant town does lie (Dole v. Dow Chem,. Co., 30 N Y 2d 143; see, also, Stein v. Whitehead, 40 A D 2d 89, 92). The movants’ reliance on Rooney v. City of Long Beach (42 A D 2d 34) is misplaced. It ruled on Municipal Home Rule Law (§ 11, subd. 1, par. j) and its predecessor, section 11 of the City Home Rule Law, the effect of which is to prevent the legislative body of a city from adopting a local law which ‘ ‘ transfers to abutting property owners its liability for failure to maintain its sidewalks and gutters in a reasonably safe condition. ’ ’ Whatever may be the significance of the statute in other connections, it does not apply to town legislation. The motion to dismiss the cross complaint is denied.