■ CARMINE SANTORELLI et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. ROLFORD REALTY CORP., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, Bronx County, entered on May 23, 1979, reversed, on the law, to the extent appealed from, and the dismissal of the third-party complaint of the City of New York vacated, the third-party complaint reinstated, and the matter remanded for trial with respect to the issues thereby raised, without costs. Plaintiff, Carmine Santorelli, brought suit against the City of New York, to recover for injuries suffered by him in a fall which resulted from his tripping over a street level oil filler cap. The filler cap was located on property owned by Rolford Realty Corp., and was used solely for its benefit in the transmission of heating oil from a delivery truck to Rolford's boiler. Accordingly, the city served a third-party complaint upon Rolford. There was proof submitted to the jury that the sidewalk immediately surrounding the filler cap was cracked, broken and depressed by consequence of which the filler cap jutted some two inches or more above the surrounding sidewalk. Plaintiff's expert testified that this was caused by improper and defective caulking of the intake pipe as a result of which water seeped into the area immediately surrounding the pipe. Cold weather caused the water to freeze. The expansion of the frozen water would cause stress cracks which, with the melting of the ice, would cause the sidewalk to become depressed and broken. He was of the opinion that this condition had existed for at least one year. At the conclusion of the entire case Rolford moved to dismiss the third-party complaint against it while the city cross-moved for a directed verdict of indemnity in the event that the jury should find in favor of plaintiff and against it. The trial court denied the city's motion and granted Rolford's motion. The case was then submitted to the jury which returned a verdict in favor of plaintiff Carmine Santorelli for the injuries suffered by him, and in favor of his wife, Frances, for loss of consortium. No appeal is taken from the judgment in favor of plaintiffs. The only issue raised on this appeal is the propriety of the dismissal of the third-party complaint. We may start with the premise that ordinarily the owner of property abutting a sidewalk is under no obligation to keep the adjacent walk in a proper state of repair. Where, however, a sidewalk is constructed for the special use of the adjoining landowner, that special use imposes upon him the obligation to maintain the area of special use so as not to raise the spectre of peril to the traveling public *(Trustees of Vil. of Canandaigua v Foster,* 156 NY 354; *Olivia v Gouze,* 285 App Div 762, affd 1 NY2d 811;

*Nickelsburg v City of New York,* 263 App Div 625). Rolford argues that since the city's records were unavailable it was not demonstrated that it, or any of its predecessors in title, installed the filler cap and the pipe connecting the cap to its boiler. Hence, it contends, there has been no showing that the negligent installation which resulted in the condition which caused plaintiff's injuries is, in any way, attributable to it. This, of course, overlooks the fact that there is no *right* of special use of the sidewalk. Permission to create the special use, whether installed by the special user or someone else, carries with it the duty so to maintain it so as not to subject others to the peril of injury. Whether properly or improperly constructed in the first place, is not here the question. The "duty of inspection and repair continued while [Rolford] owned and was in the exclusive possession of the premises. The duty ran with the land as long as the [special use] was maintained for the benefit of the land". *(Trustees of Vil. of Canandaigua v Foster, supra,* p 359.) "The installation was exclusively for the accommodation of the owner which he was 'bound to repair * * * in consideration of private advantage.' " *(Nickelsburg v City of New York, supra,* p 626.) Whether such was here the case was an issue of fact which should have been submitted to the jury. We are asked by the city to direct Rolford to indemnify it for the judgment which it was required to pay to plaintiffs. This we cannot do on the record before us. At the trial here there was no proof of who installed the filler cap. Should it eventuate that the defective installation was by the city, part of the responsibility for the condition may rest with it. In that event it would be entitled only to a *Dole-Dow* apportionment (cf. *Mahar v City of Albany,* 278 App Div 1003, affg 198 Misc 904). On the other hand, if Rolford, or its predecessors in title, were negligent both in the installation and maintenance, the city may be entitled to indemnity. We are of the opinion that a retrial is necessary to establish the facts. Concur—Fein, J. P., Lupiano and Bloom, JJ.

Sullivan and Carro, JJ., dissent in a memorandum by Carro, J., as follows: This sidewalk accident occurred when the plaintiff Carmine Santorelli "tripped" over an embedded oil pipe protruding approximately two inches above the level of the cracked and depressed sidewalk. The city impleaded Rolford, the abutting owner, to obtain indemnity or contribution. At the close of the entire case the trial court dismissed the city's third-party complaint, and the jury awarded recovery to plaintiffs. Though not ordinarily liable for the repair and maintenance of the sidewalk abutting his premises, an owner is liable if he creates the condition which causes the injury or if the injury is caused by a defect in that portion of the sidewalk which confers a benefit to him as a special use. *(Nickelburg v City of New York,* 263 App Div 625.) However, only where the special use or benefit of the abutting owner is itself defective or in disrepair, or where the defect in the adjoining sidewalk is directly caused by the special use or benefit, is the abutting owner liable over to the city, which has prime liability. *(McCutcheon v National City Bank of N. Y.,* 265 App Div 878, affd 291 NY 509.) On appeal the city argues that in consideration of the benefit Rolford derived from the special construction of the sidewalk, with the oil filler pipe imbedded therein, it has a duty to maintain the top of its special pipe level with the surrounding concrete and thereafter to maintain the concrete, irrespective of the cause of the deterioration. No such duty exists *(McCutcheon v National City Bank of N. Y., supra).* Moreover, there was no evidence that the pipe itself was defective or that its presence caused the sidewalk to either settle or crack, and no testimony establishing whether the sidewalk was laid before or after the installation of the filler pipe, nor

as to when or by whom either installation was made. The city relied on the testimony of plaintiffs' expert who, having never visited the scene of the accident, testified solely from photographs. He stated that in his opinion the condition had been caused by the seepage of water under the concrete and the subsequent heaving of the cement when the water froze and expanded. He speculated that the water seepage could have occurred around the oil filler cap as result of improper caulking at the time of the installation or by deterioration of the caulking thereafter. However, the record is barren of any evidence that the caulking around the oil pipe was improperly installed or in disrepair. The photographs upon which the expert relied, plaintiffs' Trial Exhibits Nos. 1-5, clearly show that the general condition of the entire sidewalk area, not simply the immediate area around the pipe, was such that it was cracked, broken, sunken and off level, with weeds growing through in spots. Accordingly, the third-party complaint was properly dismissed.