OPINION OF THE COURT
George M. Bergerman, J.
Defendants moved at the close of plaintiff’s case to dismiss this action upon the ground that plaintiff failed to establish that defendants owed a duty of care to plaintiff, relying on Zadarosni v F. & W. Restuaranteurs of Southeast (192 AD2d 1051).
Defendants Delia and Kenneth Brennan operate an establishment under the name of Deer Head Inn & Restuarant. The building in which the business is operated, and the *667 property upon which the building is situate, are owned by two separate corporations, the principals of which are defendants. No lease for the property exists between either of the corporate entities and defendants. The corporate defendant defaulted and, no default having been taken within one year, the action against the corporate defendant has been abandoned.
The individual defendants contend that they are not liable for plaintiff’s fall in the parking lot adjacent to the restaurant, since they did not maintain control or a possessory interest in the parking lot. Plaintiff argues that the individual defendants did control the parking lot and that the use of the parking lot constitutes a "special use” and benefit which imposes a duty of care on defendants.
"[L]iability for a dangerous or defective condition [must be] predicated upon ownership, occupancy, control or a special use of the property. The existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care.” (Turrisi v Ponderosa, Inc., 179 AD2d 956, 957.)
Plaintiff established a prima facie case by demonstrating that defendants’ use of the parking lot creates an issue of fact as to whether such use constitutes a "special use” of the parking lot sufficient to impose a duty of care. Although "special use,” or "special benefit,” has long been enunciated as a legal doctrine for imposition of liability, no definitive definition of the terms has been established. Most often, the special use or benefit is found when adjacent property owners make special use of a public sidewalk (Clifford v Dam, 81 NY 52; Nickelsburg v City of New York, 263 App Div 625). Additionally, however, a special benefit or use has been established in cases involving (a) a grating in a sidewalk for a means of supplying light and air to a subsurface vault and basement, and as a means to deliver merchandise to the store (Olivia v Gouze, 285 App Div 762, affd 1 NY2d 811); (b) a shutoff pipe serving adjacent property (Smith v City of Corning, 14 AD2d 27, and cases cited therein); (c) an underground vault providing light and a housing for utility lines (O’Brien v Christy, 142 Misc 2d 1069); (d) holes excavated in a sidewalk and covered by grating (McCarthy v City of Syracuse, 46 NY 194; Irvine v Wood, 51 NY 224; Trustees of Vil. of Canandaigua v Foster, 156 NY 354; Gelof v Morgenroth, 130 App Div 17; De Sessa v City of White Plains, 30 Misc 2d 817); (e) vaults and airshafts (Giaccotto v New York City Tr. Auth., 150 Misc 2d 164); and (f) magazine racks placed in such a position as to direct a *668 customer’s path toward a sidewalk defect (Curtis v City of New York, 179 AD2d 432).
In this case, the parking lot adjoins the building housing defendants’ place of business, and is used by defendants’ customers. There are no other stores in the area and the parking lot services only the adjacent building. Simple use by defendants’ customers would not ordinarily be sufficient to impose liability or create a special benefit (McGill v Caldors, Inc., 135 AD2d 1041; Zadarosni v F. & W. Restauranteurs of Southeast, supra). In both the cited cases, however, defendants had no responsibility for maintenance of the parking lot based upon specific provisions of a valid, existing lease. The use of the parking lot by defendants’ customers, in the absence of contractual obligations regarding the maintenance of the parking lot, is sufficient to create an issue of fact for the jury as to whether such use by defendants created a special benefit giving rise to a duty of care (Smith v City of Corning, supra).
Furthermore, not only is there no lease which would designate the party responsible for maintenance of the parking lot, the principals in the corporation owning the land are the very same defendants who operate the business in their individual capacity. Under the unique circumstances present here, any acts which would indicate control over the parking lot, done by defendants in their capacity as sole proprietors, would be so inextricably interwoven with acts taken in a corporate capacity, that it would be impossible to assert that at any given time defendants were acting solely on behalf of the corporation and not the sole proprietorship. In reality, by virtue of their dual roles as tenants and sole shareholders of the landlord/corporation, defendants were the only persons who were responsible for the care and maintenance of the parking lot, either as corporate officers or as tenants.
Supporting plaintiff’s contention that defendants exercised control over the parking lot was defendant Kenneth Brennan’s testimony that the corporate entities do not have any bank accounts; that snow is removed from the parking lot during the winter by the same contractor that does the Brennans’ personal residence; that leaves are removed from the parking lot and the exterior of the premises swept by employees of the business. When asked what the corporate owner did to maintain the parking lot, Kenneth Brennan testified that gravel would be placed annually on the lot.
The motion to dismiss is denied.