BESSIE GIBSON, Appellant, *v.* JAYSTONE DRUG COMPANY, INC., Defendant, and JEROME BLAU, Defendant-Respondent.

First Department, December 21, 1943.

*Irving Komoroff*, attorney (*Jerome Golenbock* with him on the brief), for appellant.

*Mordecai Goldberg* of counsel (*Irving Segal,* attorney), for respondent.

COHN, J. Appellant went to a drugstore at 104 Lenox Avenue, New York City, to make a purchase. The building in which the druggist was located was owned and controlled by respondent. On the sidewalk in front of the premises there are several iron vault covers. One of the covers, which was situated directly in front of the entrance way, was not flush with the sidewalk but was raised about an inch and a half. There was also a space of about an inch between the sidewalk and the elevated cover. Upon leaving the drugstore appellant tripped over the

raised edge of the vault cover, fell and suffered a fracture of the right ankle.

This action was brought to recover damages for the injury sustained. Although appellant established the foregoing facts upon the trial her complaint was dismissed at the close of her case.

Respondent contends that the judgment of dismissal was proper as the defect claimed was so trivial and slight that it would be unreasonable to charge respondent with negligence because of its existence. We think, however, it was for a jury to say whether such a defect unreasonably imperiled the safety of appellant at the occasion in question. (*Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Jelle* v. *Etfried Realty Corp.*, 266 App. Div. 981; *Lerner* v. *Parower*, 244 App. Div. 802.) The public are entitled to an unobstructed passage upon the sidewalks of a city. (*Clifford* v. *Dam*, 81 N. Y. 52.)

Upon the trial appellant attempted to establish that respondent had not secured a license from the city for maintaining the vaults. The court excluded such evidence and appellant urges, correctly we think, that the court's ruling was erroneous. As to whether permission to maintain the vaults was specifically granted by the Administrative Code of the City of New York (§ C26–233.0) was not raised at the trial. However, whether or not respondent had a license for the vaults, appellant made out a *prima facie* case. "If no license has been issued, then an obstruction in the public way is an absolute nuisance [cases cited], whereas if a permit has been issued but the privilege to obstruct the public way is exercised in an improper manner, then the resulting nuisance is of a kind which arises out of negligence." (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461, 465.)

In ruling that appellant's complaint should not have been dismissed we do not imply that she is necessarily entitled to recover against respondent. Her credibility and that of her witnesses is still for the jury as is the question as to whether the alleged defect, if found to be the proximate cause of the accident, was a negligent and dangerous condition.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

TOWNLEY, GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, and a new trial ordered, with costs to the appellant to abide the event.