JOSEPHINE FRIEDLEIN, Respondent, *v.* HENRY J. DITTMAR et al.,
Appellants.

Third Department, January 9, 1946.

*William E. Riseley* and *Augustus Shufeldt,* attorneys (*William E. Riseley* of counsel), for appellants.

*Abraham Streifer,* attorney for respondent.

*Per Curiam.* The owners and a tenant of real property fronting on Main Street in the village of Rosendale, Ulster County, N. Y. appeal from a judgment recovered by plaintiff following a trial before a jury of an action for damages on account of injuries asserted to have been suffered through negligence arising from placing a wooden platform about twenty inches wide and eight feet in length in front of a display window between the building and the flag sidewalk. Appellant Anderson is a tenant in the real property which belongs

to appellants Dittmar. There is a stone flagged walk from the store door to the flagged sidewalk which passes the building. Except for this entrance walk, the area in front of the store which contains a display window has no flagging for about five feet from the building line. The wooden platform upon which at times merchandise was displayed covers a portion of this area and is about three inches above the ground. In front of the adjacent stores the flagging extends from the building line to the curb. On the day of the accident there had been a light fall of snow. Respondent, desiring to enter the store, started to cross the unflagged area, slipped, her foot caught under the platform and she fell and was injured. There was an implied invitation to a prospective customer to inspect the wares displayed in the window adjacent to this area and to enter the store door by any route that appeared to be safe. No merchandise was displayed on the platform, and nothing indicated peril in crossing the open area. Plaintiff was a business invitee. The owners resided on the premises, there were tenants in other portions of the building, and the sidewalks and approaches were under the control of appellants, the owners and tenant.

An issue of fact as to negligence and contributory negligence was presented. (*Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Gibson* v. *Jaystone Drug Co., Inc.*, 267 App. Div. 201; *Lerner* v. *Parower*, 244 App. Div. 802.) The verdict was not against the weight of evidence.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.