Joseph R. Fallon, Plaintiff, v. Zara Contracting Company, Inc., et al., Defendants.

Supreme Court, Special Term, Nassau County, October 28, 1953.

*Richard Formidoni* for Patrick T. McGirr, doing business as Terry's Cutter Mill Inn, and another, defendants.

*Marlow & Tesori* for plaintiff.

PETTE, J.  Motion by the defendants McGirr to dismiss the amended complaint against them for legal insufficiency.

Plaintiff seeks to recover damages for alleged personal injuries sustained on October 18, 1952, as the result of a fall on the broken-up sidewalk in front of the premises of which the moving defendants are the owner and lessee respectively.

There are four causes of action alleged in the amended complaint. The first is against the Village of Great Neck Plaza, which is alleged to have controlled and maintained the sidewalk in question, and which is charged with permitting it to remain in a dangerous and rough condition in violation of its duty to properly care for and maintain the same.  The second cause of action is against Zara Contracting Company, Inc., with whom it is alleged the County of Nassau contracted for the widening and repaving of the street, of which the sidewalk in question is a part; that in the performance of said contract, this defendant removed the sidewalk in a careless manner which resulted in the condition which caused the plaintiff to fall.  The third cause of action is against the County of Nassau which is alleged to have controlled and managed the street and the abutting portion of the sidewalk in question; that it contracted with the Zara Contracting Company for the widening of the street, and that pursuant to such contract the said company conducted excavations, demolition and installation of the highway, but did so in a careless and negligent manner, in that it permitted the sidewalk to remain in a dangerous, unsafe and rough condition, as a result of which plaintiff fell and sustained the injuries complained of. The fourth cause of action is against the moving defendants, one of whom is the owner and operator of a bar and grill abutting on the sidewalk in question, and the other the owner of the building.  These defendants are charged with disregarding their duty to " properly care for and maintain said sidewalk and to keep the same in proper and safe condition for travel "; that they " allowed said sidewalk to remain in a

dangerous condition and the portion in front of said premises where sidewalk had been removed was irregular, rough, unsafe and protuberant and permitting this condition to exist without safety lights, notice or warning and without proper and sufficient light in the area."

Thus, the plaintiff has carefully pleaded the basis upon which he seeks to hold each defendant responsible for his mishap, and the question to be determined is whether, upon the facts as pleaded against the moving defendants, plaintiff has any cause of action against them, there being no allegation or claim that they or either of them *created* or *caused* the condition of which complaint is made.

The primary obligation to maintain a sidewalk along a public highway is upon the municipality rather than upon the adjacent property owner who is not responsible for any defects therein not caused by himself. (Cf. *City of Rochester* v. *Campbell,* 123 N. Y. 405, 417 with *Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129, 136.) Plaintiff does not challenge the foregoing nor does he claim that the moving defendants created the dangerous condition in the sidewalk. However, he does claim that he was injured after he left the moving defendants' premises, where he had been a customer, and that, therefore, as an invitee of said defendants, they owed him a special duty with respect to the sidewalk in front of their premises.

Plaintiff cites two cases in support of the foregoing contention, neither of which, however, is apposite. In *Friedlein* v. *Dittmar* (270 App. Div. 321), the negligence of the store building owners consisted in *placing* a wooden platform in front of a display window between the building and the flag sidewalk. On the day of the accident, there had been a slight snowfall. Plaintiff, desiring to enter the store, slipped, catching her foot under the wooden platform which was three inches above the ground, causing her to fall and to sustain the injuries complained of. In *Wilson* v. *Jaybro Realty & Development Co.* (289 N. Y. 410, 412), the plaintiff, a customer of the defendant tenant, on leaving the store, stepped into an opening in the concrete sidewalk and fell. She sued the abutting owner of the premises and the lessee of the store for her consequent injuries and had a verdict against both defendants. The trial court set aside the verdict against the tenant, and granted the defendant landlord a new trial. On cross appeals by the landlord and the plaintiff, the Appellate Division dismissed the complaint on the law, holding that the defect in the sidewalk was so slight as to preclude a claim that it was dangerous

898

(*Wilson* v. *Jaybro Realty & Development Co.*, 264 App. Div. 776, 777). The Court of Appeals reversed, holding that it was for the jury to say whether the defect in question unreasonably imperilled the plaintiff on the occasion in question and that there was " no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give rise to a legal liability."

It is evident from the *Per Curiam* opinion in the last-cited case that the Court of Appeals decided nothing else. The reversal and remission of the case to the Appellate Division for disposition of the questions left undecided cannot be construed and interpreted apart from the record, without leading to an erroneous conclusion. (Cf. *Fealey* v. *Bull*, 163 N. Y. 397, 401.) An examination of the record shows that the property line of the leased premises extended to about the westerly curbstone of the roadway, and that the sidewalk in question was inside the property line. The liability of the owner and lessee, therefore, was predicated upon their ownership and leasing of the premises which included the sidewalk where the accident occurred.

The facts in the case at bar are clearly dissimilar. Here the moving defendants owned and leased only the particular premises where the bar and grill is situated and not the sidewalk upon which it abuts. It follows, therefore, that the plaintiff has no cause of action against the moving defendants in the absence of an allegation that they caused or created the condition complained of. Indeed, the plaintiff alleges in the first three causes of action that the municipalities named as defendants, in the performance of their duties, contracted with the defendant Zara Contracting Company to widen the street in question and to do all the necessary work in connection therewith, and that it was the latter company which in fact performed the work in such a negligent manner as to cause the dangerous condition of which plaintiff complains.

The motion is accordingly granted. Submit order.