Mask A. Costaittmo, J.
Motion by defendants G-uiseppe Tursi and Rose Tursi for an order dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
The action, in which the City of New York is joined as a defendant, is one to recover damages for personal injuries allegedly sustained by plaintiff Carrie Flynn, and for expenses and loss of services, which resulted when said plaintiff allegedly fell on the public sidewalk abutting the premises owned by movants.
The complaint alleges, in part, that defendants were charged with the duty to properly maintain such sidewalk in a safe condition ; that on the day of the accident and prior thereto defendants permitted the sidewalk to remain in an unsafe condition in that the flagstones were uneven, irregular, broken and cracked, and created a hazard for persons using the sidewalk; that defendants failed to correct such condition. Paragraph Tenth of the complaint charges, in substance, that the ‘ ‘ dangerous and defective condition above referred to, was caused solely and wholly by the negligence of the defendants ” and their failure to take proper action to correct such condition.
It is settled law that generally an owner is under no duty to the public for the proper repair and maintenance of the sidewalk abutting his premises (Mullins v. Siegel-Cooper Co., 183 N. Y. 129; McCutcheon v. National City Bank of N. Y., 265 App. Div. 878, affd. 291 N. Y. 509; Dedrick v. Schinasi, 179 App. Div. 763). He does however, render himself liable for any injury resulting from a defective condition of the sidewalk where he has created -such condition or where the manner in which he makes use of the sidewalk produces such condition or where he fails to maintain in a reasonably safe condition a sidewalk constructed in a special manner for his special benefit (see Nickelsburg v. City of New York, 263 App. Div. 625 and cases cited there).
In the absence of some obligation or duty owed to a plaintiff which the defendant has left undischarged or unfulfilled, there can be no liability for negligence on the part of defendant (Bertrand v. Delaware & Hudson R. R. Corp., 267 App. Div. 228). In the instant case the allegation in the complaint that the moving defendants were owners of the premises on which *336 the sidewalk in question abutted did not in and of itself raise any duty on the part óf said defendants to maintain the sidewalk in a proper state of repair. No facts are alleged elsewhere in the complaint which would show the existence of a duty on the part of the moving defendants to repair and to maintain the sidewalk in a safe condition.
The allegation contained in paragraph Tenth of the complaint that the defective- condition was caused by the negligence of the defendants and their failure to correct the condition is not sufficient to spell out a duty on the part of the defendants which would render them liable to plaintiffs. Such allegation does not meet the requirement that a pleading shall contain a statement of the ultimate facts rather than the conclusion from such facts (Curry v. Meier, 15 Misc 2d 418). The mere allegation of negligence will not suffice to warrant the inference that there rested a duty on the part of defendants Tursi to keep the sidewalk in a state of proper repair and maintenance; it is also necessary to allege the facts which show the existence of a legal duty owed by defendants to plaintiff and the violation of that duty (Gold v. Rosenblatt, 1 A D 2d 894; Peterson v. Eighmie, 175 App. Div. 113, 115-116).
Accordingly, the motion to dismiss the complaint as to defendants Tursi is granted, "with leave to plaintiffs to serve an amended complaint within 20 days after service of a copy of the order to be entered herein, with notice of entry thereof.
Settle order on notice.