J. Irwin Shapiro, J.
During the trial the court dismissed plaintiff’s complaint against the defendant Eastern Air Lines Inc. The jury rendered a verdict for $15,000 against the remaining three defendants, The Port of New York Authority (Authority), Cauldwell-Wingate Co., Inc. (Cauldwell) and Ment Bros. Iron Works Co. (Ment).
The jury by its verdict has determined that the plaintiff was injured through the joint negligence of said three defendants.
The defendants Authority and Cauldwell, by their pleadings, cross-claimed for judgment over against the defendant Ment in the event they should be held liable to the plaintiff.
By stipulation of all parties, the issues of law and fact raised by the cross claims were not submitted to the jury but were left for determination by the court in light of the verdict which the jury would render.
The plaintiff, as a basis for recovery, contended that the door of the varsol pit here in question was improperly constructed because there was not enough of a tilt of the door away from *196 the pit, by reason of the fact that the two chains holding the door in place when it was open were not long enough and because one of the two chains was placed in such a position on the ladder side of the pit that upon any unintentional, inadvertent and slight touch the door, weighing some 250 pounds, would be caused to fall upon anyone descending into or ascending from the pit.
The door and the chains were manufactured and fabricated and attached to the varsol pit by the defendant Ment under a contract with defendant Cauldwell, the general contractor, which in turn had a contract for all of the work with defendant Authority as the operator of the Idlewild Airport.
The plans and specifications for the door on this varsol pit provided for only one chain and that on the side opposite to the ladder rungs which anyone would have to use on descending into or ascending from the pit. It was the chain on the rung side with which plaintiff’s hand or arm accidentally came in contact when he was descending into the pit and which caused the door to shut on and fracture his arm.
Upon this state of facts, the defendants Authority and Cauldwell contend that the dangerous condition which resulted in plaintiff’s injuries was created not by them but by defendant Ment and that, therefore, they should have judgment over.
In short, the substance of their contention is that they have been cast in damages for their passive negligence and by reason of an affirmative act of negligence on the part of the defendant Ment, and that the law is well settled that “ a primary or principal wrongdoer is responsible for his negligent act, not only to the person directly injured, but also to one indirectly harmed by being cast in damages by operation of law for the wrongful act.” (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, 418, affd. 298 N. Y. 686; McFall v. Campagnie Maritime Belge, 304 N. Y. 314, 328.)
It is not necessary for the purposes of this case to engage in a semantic discussion to show that the words “ passive negligence ” have no well-defined meaning and have been variously and diversely construed (Seiden v. Savings & Loan Assn., 10 Misc 2d 720), for even in the case of so-called passive negligence a third-party plaintiff, or, as here, a cross-claiming defendant, may not recover over if “ after discovery of the danger, he acquiesced in the continuation of the condition ” (Restatement, Restitution, § 95), since he is then held to be in pari delicto with the original and affirmative Avrongdoer. (Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204; Stabile v. Vitullo, 280 App. Div. 191; Brady v. Weiss & Sons, 6 A D 2d 241.)
*197 The two cross-claiming defendants recognize the existence of this rule but they contend that it applies to defeat a recovery over only “ upon a finding of actual notice of the dangerous condition ’ ’ and that ‘ Obviously, in a case where there is no actual notice but there is only constructive notice, because of failure to discover that wliich could reasonably have been discovered, the defendant cannot be charged with acquiescence in the dangerous condition as a bar to indemnity.” (Ruping v. Great Atlantic & Pacific Tea Co., supra, p. 206.)
We need not pause to consider whether, as a matter of pure legal theory, there should be any difference in liability in such circumstances between a case where the cross-claiming defendant has actual notice of the dangerous condition and the case where he has constructive notice only and not actual notice merely because he was negligent in not ascertaining the facts because here, from the viewpoint of relative delinquency, the moving defendants are, and this court so finds as a fact, in pari delicto with defendant Ment.
The court arrives at this conclusion in two ways:
(1) It is improbable that the defendant Ment, although required by the contract and specifications to install only one chain, of its own volition and at its own expense, added another chain to the door. Though the plans and specifications show that only one chain was contemplated, all of the defendants were extremely careful not to explain, by any witness, how two chains came to be installed. In view of the fact that the owner (Authority), and the general contractor (Cauldwell), exercised active supervision over every detail of the work, had engineers on the job who had the right to plan, direct, inspect, accept or reject and order reconstruction or replacement of any work not in accordance with the plans or specifications or otherwise deemed unacceptable by them, it may fairly be inferred that the change from one chain to two chains was not only authorized, but directed and required by the moving defendants. This is particularly so since the burden of proof to establish the cross claims and their right to recover thereunder are on the moving defendants. (Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145, 156.)
(2) The defendant Ment was last on this job no later than the week ending November 28, 1955. The accident occurred on December 23, 1955. The jury has found that the existing condition was a dangerous one. That condition existed from the time of Ment’s departure from the pit for about a month. Upon this record, the court is justified in concluding as a fact that after the departure of Ment the moving defendants became *198 aware — if they had not in fact ordered its installation — of the existence of the second chain, its placement in close proximity to the rungs in the pit and the dangers thereby created. Under such circumstances, the permitting of the dangerous condition to continue to exist with “ affirmative knowledge and assent ” (Scott v. Curtis, 195 N. Y. 424, 428) precludes a recovery over. (Schwarts v. Merola Bros. Constr. Corp., 290 N. Y. 145, supra; Mack v. Haswin Corp., 277 App. Div. 995.)
I have sent for and examined the record on appeal in Soderman v. Stone Bar Associates (3 A D 2d 680) strongly relied upon by the Authority and Cauldwell. It is not in point: In that case the trial court in his decision (208 Misc 864) said (p. 865): “ The court finds as a fact in this case in its decision in respect to the cross pleadings that the general contractor had only constructive notice of the existence of the dangerous condition ” (italics ours).
The Appellate Division, in affirming, merely held that ‘ ‘ Pursuant to a stipulation made upon the trial permitting him to determine the facts and the law, with respect to the cross complaint, the Trial Justice found upon sufficient evidence that the negligence of McHarma was active and that of Stone Bar was passive. Judgment over on the cross complaint was therefore properly granted. ’ ’
In other words, the Appellate Division affirmed the trial court’s finding on the facts that the cross-claiming defendant did not actively participate in the tort and that it did not have actual notice of the negligent condition. This court has made a contrary determination on the facts appearing in this record for here, though the dangerous condition was affirmatively created by the defendant Ment, the moving defendants either authorized and directed its creation or, after actual notice, acquiesced in its continuance and thereby became joint participants with Ment in the latter’s tortious conduct and hence are barred from any right to indemnity.
The motion for judgment over on the cross complaints is denied.
Submit order.