Charles A. Loreto, J.
Motion to dismiss third-party complaint for legal insufficiency is denied. Since the instant application, the plaintiff has served an amended complaint, which *756 now joins the third-party defendant as a defendant in his original action. The service of the said amended complaint even at this stage of the proceedings is timely made (Civ. Prac. Act, § 193-a; Aprea v. City of New York, 11 Misc 2d 645). The amended complaint contains charges of active and passive negligence against both defendants.
The Appellate Division of the First Department recognized in Crawford v. Blitman Constr. Corp. (1 A D 2d 398) that there was a difference of degree of liability between a tort-feasor, who was “ actively” negligent because of creating a condition and a “ passively ” negligent tort-feasor, who was merely guilty of a failure to inspect or discover a condition. The court stated: “ The key to the analysis is that we are dealing with relative terms. There is no absolute 1 active ’ negligence. There need be no absolute degrees of liability among joint wrongdoers. * * # Involved is the relationship of the parties, their contractual or other responsibility to each other, and the degree of wrongfulness indicated by the commission or omission which resulted in the accident. These factors will determine the relative liability as between any two parties in the sequence of events” (p. 400). The court recognized: “In any event, the nature of the several responsibilities, as well as the degrees of wrongdoing, are not determinable on the pleadings alone. Development of the facts upon a trial is required” (p. 401).
Old Jade may possibly be held liable to plaintiff Weinberg for failure to set up safeguards or to warn plaintiff of the condition, after having constructive notice of the condition.
It is well-settled law that before acquiescence in the continuance of a dangerous condition puts the indemnitee in pari delicto, the notice must be actual as distinguished from constructive. If such notice is merely constructive, the primary wrongdoer, whose misconduct created the condition, should indemnify the one who was passively negligent (Employers’ Liab. Assur. Corp. v. Empire City Iron Works, 7 A D 2d 1012; Pasquale v. Babcock Inc., 6 A D 2d 336). This right to indemnification may be predicated on any version of the accident permitted by the pleadings (Weisman v. Hyams, 5 A D 2d 1000, 1001).
The third-party defendant makes much of the fact that in its answer defendant Old Jade denies control of the sidewalk. This argument is disposed of by the Appellate Division in Brady v. Weiss & Sons (6 A D 2d 241, 244): “ The fact that the defendants, in their answer, deny any liability to the plaintiff does not bar a claim over for indemnity. If it did, there could hardly ever be a well-pleaded case of indemnity, since the defendants, *757 for their own protection, will almost always deny all the allegations of negligence in the complaint. There is no rule of law which prevents a defendant from denying the allegations of the complaint and then pleading that, if he is nevertheless held liable to the plaintiff, it will be on a ground that entitles him to recovery over against another defendant. Such hypothetical pleading is the only way in which sections 264 and 193-a of the Civil Practice Act can properly be utilized.”
Accordingly, on the trial of the action, a jury may find active or passive negligence attributable to one or the other of the two defendants and the right to recover over. Therefore, the third-party complaint herein is properly and sufficiently pleaded.