William B. Lawless, Jr., J.
This action is brought by plaintiff furrier against his landlord, cotenant, and two plumbing concerns for damages sustained when water flooded his basement fur vault in June, 1955. By lease dated May 29, 1953, Joseph Palanker & Sons rented from Edwards Properties, Inc., space on the second floor of the Lockwood Building in Buffalo, New York, together with a fur vault approximately 2,200 square feet, located in the basement of the premises. The lease extended six years from September, 1953. Plaintiff took possession of premises and conducted a retail and wholesale fur business therein. It used the fur vault in the basement to store both *773 manufactured coats and coats owned by customers. This vault was rectangular in shape and its walls went up to within several feet of the basement ceiling.
Sometime in February, 1955, water leaked down from premises rented by Coons, Koch & Downey, Inc., and used by them for the operation of “ Colonial House Restaurant ”. The water penetrated the ceiling of plaintiff’s fur vault, causing minor damage. The leakage was reported to the landlord Edwards, and Edwards covered a portion of the top of the fur vault with a protective corrugated tin covering. The tenant made interior repairs to the vault by plastering a crack in the ceiling. At the time of the first leak, Edwards’ maintenance man inspected the area above the vault and below the first floor (a space of approximately two feet in height) but found only a light leakage of water coming down around pipes extending from the basement to the premises of the Colonial Restaurant. He calked the floor boards and thereafter made periodic inspections of the area. Palanker resumed use of the vault.
On June 13, 1955, a heavy flooding of the fur vault was discovered, and on inspection it was found to have been caused by a pipe which had been crimped together and soldered at the end, contrary to accepted plumbing practice. The crimped pipe was located over the fur vault a few feet from the point where the leakage had occurred five months earlier. The water which flooded the vault in June soaked 82 coats and caused the damage for which plaintiff seeks to recover for the alleged negligence of the various defendants.
The claim against defendant W. Allan Smeader is based on the allegation that Smeader, a plumber, was employed by Coons, Koch & Downey, Inc., to remove an old dishwasher from its restaurant and negligently performed plumbing services in January, 1954 which caused the flooding in June, 1955. Defendants cross-claim and defendants Edwards Properties sue A. Fleischauer, Inc., for negligence as a third-party defendant, and defendant Coons, Koch and Downey, Inc., sue W. Allan Smeader for negligence as a third-party defendant.
I.
PLAINTIFF’s CLAIM AGAINST EDWARDS PROPERTIES, INC.
The lease between plaintiff and Edwards provides that the tenant shall be solely responsible for the maintenance and repair of the fur storage vault leased and the landlord assumes no responsibility and has 6 ‘ no obligation to the vault or its contents ”. Further, the lease provides that the landlord shall not be liable for any loss of property or for any damage to *774 property caused by water. However, these provisions must be read in conjunction with section 234 of the Beal Property Law which makes void any lease provision that attempts to relieve a landlord or its agents from negligence. Put more directly, Edwards remains liable to plaintiff if it were negligent in carrying out its legal duty to plaintiff. In meeting this duty, no distinction is made between active and passive negligence. (International Underwear Corp. v. Brooklyn Trust Co., 287 N. Y. 589.)
We find as a fact that the area above the fur vault and below the first floor of the premises was at all times under the exclusive and complete control and supervision of the defendant Edwards. This area embraced the site of the crimped pipe which was visible to inspection. Further, the landlord had notice of flooding in January, 1955, less than six months prior to the serious water damage. Although the source of the first leakage was not the same as the second, it was but a few feet away from it and we believe that a reasonably competent inspection would have discovered the crimped pipe which caused the flooding in June. In failing adequately to inspect, discover and repair this defective pipe, the defendant Edwards was negligent as a matter of law. It had a legal obligation to its tenant to keep its premises in a reasonably safe condition. (Dollard v. Roberts, 130 N. Y. 269.) This it failed to do. The very installation of a partial tin covering over the roof of the vault assumed future leakage, an assumption proved accurate five months later. (Cullings v. Goetz, 256 N. Y. 287; Hirsch v. Radt, 228 N. Y. 100; Loucks v. Dolan, 211 N. Y. 237; Hyman v. Barrett, 224 N. Y. 436; Dollard v. Roberts, supra ; Miller v. Morse, 9 A D 2d 188.) We conclude therefore that defendant Edwards is liable in damages to the plaintiff for its negligence as a landlord.
II.
CROSS CLAIM OR EDWARDS AGAINST A. FLEISCHAUER, INC.
Defendant Edwards in its answer cross-claims against defendant A. Fleischauer, Inc., pursuant to section 264 of the Civil Practice Act and requests that its rights against Fleischauer be determined in this action. It asserts that any damage suffered by plaintiff was due to the negligence of Fleischauer for the reason that at various times prior to June 10,1955, Edwards hired said plumbing concern to inspect, repair, install and maintain the pipes in question. Edwards further claims that it did not contribute any active negligence to the flooding.
Edwards took over the building in question in Jamiary, 1953. It hired Fleischauer in the Winter of that year to make extensive *775 plumbing installations and installed plumbing facilities for Edwards ’ tenants at a total cost of approximately $130,000. Fleischauer connected up piping for the Colonial Restaurant in 1954 and also connected up the old dishwasher in the Colonial premises at the request of Edwards. To accomplish this Fleischauer ran a copper tubing over the ceiling of the Palanker fur vault immediately below the floor of the Colonial Restaurant. One Eugene Batt was the general superintendent for Fleischauer in charge of all plumbing operations at Edwards Properties, Inc. Batt connected up the old dishwasher and the glasswasher in the Colonial premises at the request of Edwards. There is proof that a City of Buffalo inspector approved the original installation in 1954.
It is fundamental that the burden of proof to establish a cross claim and the right to recover thereunder is on the defendant who asserts the claim. (Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145; Peskin v. Port of New York Auth., 16 Misc 2d 195, affd. 9 A D 2d 787.)
In the case before us, the burden of proof is upon Edwards Properties, Inc., to establish by a fair preponderance of the evidence that Edwards hired Fleischauer to inspect, repair and maintain the pipes in question prior to the flooding of June 10, 1955. The proof is clear that Edwards did retain Fleischauer to install new plumbing when it took possession of the building in question in 1953; this was billed and paid. It is also clear that in 1954 Fleischauer connected up piping at the expense of Edwards for the benefit of the Colonial Restaurant. However, the record fails to show that Edwards entered into any oral or written agreement with Fleischauer to inspect or maintain the premises after it completed its work for Colonial Restaurant in 1954. The vice-president of Edwards Properties in his deposition stated that he had no knowledge that Fleishauer was called in to inspect the premises after the first leakage in January of 1954. In fact, this witness testified that he did not recall anybody ordering Fleischauer to come out and inspect between the time of the first and second leakage. Mr. Maurice Blinkoff, assistant manager of Edwards Properties, Inc., testified in substance that he had no recollection that Fleischauer inspected the plumbing between the first and second leakage although Mr. Blinkoff recorded in a memorandum dated December 27, 1956, introduced in evidence by defendant Coons as Exhibit G-, that he had recorded that Fleischauer was asked to examine the plumbing, especially over the vault.
There is proof in the record that Eugene Batt inspected the area after the first leakage and prior to the heavy *776 flooding but there is no evidence to show that Fleischauer assumed such inspection at the request or direction of Edwards Properties, Inc.
We, therefore, conclude that Edwards Properties, Iuc., has failed to carry its burden of proof as against the defendant Fleischauer and the cross claim fails.
At the time of trial the court declined to take proof on the question of damages until it first determined the matter of liability. Attorneys for the plaintiff may, therefore, schedule such proof at a date mutually convenient with its adversaries or on ten days’ notice to all parties and the court. Defer entry of any judgment until the issue of damages has been heard and determined.