Margaret King et al., Plaintiffs, *v.* Incorporated Village of Lynbrook et al., Defendants.

Supreme Court, Special Term, Nassau County, May 23, 1962.

*Martin J. Weinstein* for plaintiffs. *James I. Lysaght* for Robert Forte and another, defendants. *Jerome Scharoff* for Village of Lynbrook, defendant.

Mario Pittoni, J. Motion for summary judgment dismissing the cross complaint of the defendant Incorporated Village of Lynbrook against the defendants Robert Forte, Joan Forte, Ralph Bien and Patricia Bien is granted.

The movants are the owners of property abutting the public sidewalk whereon the plaintiff Margaret King was allegedly injured on May 14, 1960. They contend that the cross complaint against them is improper in that if there be any liability by the village to the plaintiff for negligently failing to keep the sidewalk in a reasonably safe condition, the liability will be based upon a finding of active negligence — which active negligence would preclude a recovery over from the movants, the creators of the condition.

Attached to the moving papers is a written notice, dated May 10, 1960, in which the movants were directed " to repair a sidewalk of concrete on the street frontage of your premises ". This notice indicates that it may be possible for the plaintiffs to establish that " written notice of the defective, unsafe, dangerous or obstructed condition * * * relating to the particular place was actually given to the Village Clerk and there was a failure or neglect within a reasonable time after receipt of such notice to repair or remove the defect, danger or obstruction complained of " (Village Law, § 341-a), a condition precedent to a recovery by the plaintiffs against the village. Assuming it be established that the village had actual notice of the existence of a dangerous condition and failed to remedy the condition within a reasonable time after receipt of the notice, the negligence of the village would be active, the village would be *in pari delicto* with the movants and there could be no recovery over by the village

against the property owners. (*Brady* v. *Weiss & Sons,* 6 A D 2d 241; *Employers' Liab. Assur. Corp.* v. *Empire City Iron Works,* 7 A D 2d 1012; *Weinberg* v. *Wing,* 30 Misc 2d 755; *Peskin* v. *Port of N. Y. Auth.,* 16 Misc 2d 195.) As stated in *Putvin* v. *Buffalo Elec. Co.* (5 N Y 2d 447, 453) '' one seeking indemnity may be barred from recovering from the creator of the danger if after discovery of the danger he has acquiesced in the continuation of the condition ''.

The observation may be made that neither the plaintiffs nor the village could in any event recover from the movants for the failure to maintain the sidewalk in a reasonably safe condition (*City of Rochester* v. *Campbell,* 123 N. Y. 405). In order for the plaintiffs to recover from the movants, the creation of a dangerous condition would have to be proved. (*Smith* v. *City of Corning,* 14 A D 2d 27, 29.)