■ SAMUEL WEINBERG, Plaintiff, v. THOMAS H. WING et al., Doing Business as OLD JADE, Defendants and Third-Party Plaintiffs-Respondents. EAST 170TH STREET REALTY CORP., Third-Party Defendant-Appellant.— Order entered on July 5, 1961 unanimously reversed on the law, with $20 costs and disbursements, and motion to dismiss the third-party complaint granted, with $10 costs. The defendants and the third-party defendant were respectively the tenants and the owner of the premises abutting the sidewalk where the plaintiff fell. It is well settled that the third-party defendant as the owner of the premises was under no general duty to maintain or keep in repair the abutting sidewalk. Allegations merely of the existence of a defective condition in the sidewalk and notice to the owner of such condition would not render it liable for plaintiff's injuries. In order to establish a basis for liability on the part of the third-party defendant as the abutting owner, it must appear that the defective condition in the sidewalk, alleged to be the cause of the plaintiff's fall, was created by such owner, or that such condition was caused to exist because of the owner's use of the sidewalk or a portion thereof in a special manner. (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Metzroh* v. *City of New York,* 241 N. Y. 470; *Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129; *Allen* v. *Weiss,* 279 App. Div. 91; *Neiberg* v. *Remsenburg Realty Corp.,* 1 A D 2d 1043.) Here, as a matter of fact, the precise condition, whatever it was, which caused the plaintiff to trip, fall and become injured, is not shown. The general and conclusory allegations in the third-party complaint, including the allegation that the third-party defendant

caused or permitted the "said sidewalk, curb and driveway to become and remain in a broken, uneven, depressed, defective and dangerous condition, obstructing the said sidewalk", are insufficient to show a responsibility on the part of the third-party defendant for plaintiff's injuries. (See further, *Gold* v. *Rosenblatt,* 1 A D 2d 894; *Flynn* v. *City of New York,* 15 Misc 2d 334; *Fallon* v. *Zara Contr. Co.,* 204 Misc. 895; *Falk* v. *Crystal Hall,* 200 Misc. 979, affd. as to result only 279 App. Div. 1073; *Gross* v. *City of New York,* 145 N. Y. S. 2d 303; *Massa* v. *City of New York,* 201 Misc. 259.) Furthermore, under the circumstances and upon the particular allegations of the complaint and the third-party complaint, it is clear that, if a recovery is had by plaintiff against the defendants, it will be on a basis which will place them *in pari delicto* with the third-party defendant with respect to the alleged defective condition in the sidewalk, or on a basis of active negligence on their part in the breach of an independent duty owing to plaintiff as their customer. Under such circumstances, the defendants would not be entitled to judgment over as against the third-party defendant. (See particularly, *Mahar* v. *City of Albany,* 198 Misc. 904, affd. 278 App. Div. 1003, affd. 303 N. Y. 825; *Olivia* v. *Gouze,* 285 App. Div. 762, affd. 1 N Y 2d 811; *Weber* v. *City of New York,* 18 Misc 2d 590, affd. 13 A D 2d 823; see generally, *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.,* 9 N Y 2d 426; *Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447, 456–457; *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314; *Vaughan* v. *Globe Neon Sign Co.,* 10 A D 2d 568, affd. 8 N Y 2d 776.) The third-party complaint should have been dismissed. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ. [30 Misc 2d 755.]