Per Curiam.

The accident resulted from a sidewalk defect which was created by a depressed water shut-off, which controlled the service from the City of New York water main to the abutting property owned by the codefendant, the Crocker estate.
A city is responsible in an action based on the negligent condition of the sidewalk; and if the condition is a special use of an abutting owner or the result of such .special use, the city may recover over against the abutting owner (Nickelsburg v. City of New York, 263 App. Div. 625; Schrold v. City of New York, 273 App. Div. 872, affd. 298 N. Y. 738; Olivia v. Gouze, 285 App. Div. 762, affd. 1 N Y 2d 811; Ohrt v. City of Buffalo, 281 App. Div. 344 [water shut-off box]).
The sidewalk shut-off water box was a special use for the abutting building. It is immaterial that there was a shut-off valve in the building. An owner is required by law to have at least two shut-off valves — one within the building and the other valve in the sidewalk.
The fact that the sidewalk valve was never used does not relieve the abutting owner of liability. It is the capability of *273 use, rather than the actual use, which creates the liability (Hughes v. City of New York, 236 N. Y. S. 2d 446, affd. 25 A D 2d 617, mot. for lv. to app. den. 18 N Y 2d 577; Nickelsburg v. City of New York, supra).
It is of no moment that the present owner did not install the water shut-off box in the sidewalk. The obligation to maintain the special use in a safe condition runs with the land. (Nickelsburg v. City of New York, supra, pp. 625-627; Trustees of Village of Canandaigua v. Forter, 156 N. Y. 354, 359.)
There is no evidence in the record that defendant City of New York had actual knowledge of the defective condition. It is entitled to indemnity from its codefendant the Crocker estate, on its cross complaint (Lobello v. City of New York, 268 App. Div. 880, affd. 294 N. Y. 816).
The judgment should be modified by directing judgment in favor of defendant City of New York on its cross complaint against its codefendant the Crocker estate, and as modified, affirmed, with $25 costs to respondent-plaintiff against appellants and defendant-appellant City of New York against defendant-appellant-respondent, the Crocker estate.
Concur — Streit, J. P., Quinn and G-old, JJ.
Judgment modified, etc.