Memorandum. We find no reason to disturb the rulings appealed from insofar as they are in favor of plaintiffs against the defendants. We agree with the Appellate Division that the requests to charge the assumption of risk doctrine were deficient in that they should have included the qualification that the jury preliminarily find as a fact that the infant plaintiffs had knowledge that the defendant driver possessed only a learner’s permit, or the contingency that the driver’s lack of skill and experience was the sole cause of the accident. Of interest as to the latter, the jury found other defendants also contributed to the cause of the accident. Nor are we disposed to remand *651 for an apportionment of liability as between defendants Gull Contracting Co., Inc.— Mac Asphalt Construction Corp. (Gull-Mac) and the City of New York. The abrogation of the “active-passive” distinction in Dole v. Dow Chem. Co. (30 N Y 2d 143) does not mean that where a defendant is only derivatively liable because of the active negligence of an agent, employee or contractor under its control full responsibility for paying the judgment cannot be assessed against the actively negligent party (see Commentary by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3019, p. 207, 1972 supp.j. The Trial Judge, who the parties agreed should determine the city’s right to indemnity on its cross claim against Gull-Mac, found that Gull-Mac had created the hazard and that, in effect, the city’s liability was only derivative. There is thus no necessity to remand on that point. On oral argument in this court Gull-Mac contended that, in view of the Bole decision, this case should be returned for a determination as to the relative liability of the two active tort-feasors, i.e., Gull-Mac and the Esterlys, owner and driver of the errant car. We agree that this disposition would be proper (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29). While it is not explicitly clear in the papers before us whether the stipulation authorizing Justice Gabbabino to determine the city’s cross claim against Gull-Mac would authorize him also to adjudge a newly interposed cross claim by Gull-Mac against defendants Esterly, we deem it preferable if this branch of the case were returned to him for a determination on the record already made in the trial upon the issues of liability.