■ JOSEPH MAZELIS et al., Respondents, v MILTON WALLERSTEIN et al., Respondents, and CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant City of New York appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Kings County, entered May 28, 1975, upon a jury verdict, (1) as is in favor of plaintiffs and against it and (2) as fixes its proportionate share of liability at 45%. Amended judgment modified, on the law, by deleting therefrom the third decretal paragraph and by substituting therefor a provision awarding the defendant city full indemnification on its cross claim against defendant Pauline Wallerstein. As so modified, amended judgment affirmed insofar as appealed from, without costs. The male plaintiff, a New York City fireman, was injured on November 11, 1970 when a building, located at 1223 Broadway, Brooklyn, and owned by defendant Pauline Wallerstein, collapsed on him while he was fighting a fire at said premises. The record amply indicates, and the defendant city concedes on

appeal, that the building, prior to the fire, was unsafe and in danger of collapse; that both defendants had actual and constructive knowledge of the building's condition; and that the city was obligated to remove it pursuant to a pertinent provision of the New York City Administrative Code (Administrative Code of City of New York, § C26-80.0). On the male plaintiff's common-law cause of action for negligence, the jury found against both defendants and awarded damages to him in the sum of $250,000. In response to the trial court's charge on apportionment of damages, to which the city objected, the jury apportioned liability against the city in the amount of 45%, and against Mrs. Wallerstein in the amount of 55%, of the total award. Under similar circumstances, we have previously held that one who permits an inherently dangerous building, which is in imminent danger of collapse, to exist on his property, is "primarily liable" for injuries resulting therefrom, and that the City of New York, which was also liable to the plaintiffs for its failure to comply with an Administrative Code provision pertaining to unsafe and hazardous buildings "is entitled to recovery over against those whose negligence was the basic cause of the injuries sustained by plaintiffs-respondents" *(Runkel v Homelsky,* 286 App Div 1101, 1102, affd 3 NY2d 857). Full indemnification is not precluded in the case at bar by the theory of apportionment enunciated in *Dole v Dow Chem. Co.* (30 NY2d 143). In *Logan v Esterly* (34 NY2d 648), the Court of Appeals, in affirming a trial court's determination that New York City's liability was "only derivative" and that the city had the right to full indemnification from its codefendants, stated (p 651): "The abrogation of the 'active-passive' distinction in *Dole v. Dow Chem. Co.* (30 NY2d 143) does not mean that where a defendant is only derivatively liable * * * full responsibility for paying the judgment cannot be assessed against the actively negligent party". Accordingly, the amended judgment appealed from should be modified as indicated above. Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.