OPINION OF THE COURT

Per Curiam.

Judgment entered March 17, 1978 (Bissell, 3d, J., and jury) modified by adding a provision thereto awarding defendant City of New York full indemnification on its third-party complaint against third-party defendant Harriet S. Hopp; as modified, affirmed, without costs.
Plaintiff brought this negligence action against defendant City of New York for personal injuries sustained when she tripped and fell over the raised cover of a water tap box on the sidewalk fronting premises owned by the third-party defendant. At the outset of trial, plaintiff released the property owner from all liability arising out of the accident for the consideration of $22,500. At the conclusion of the evidence, the trial court declined to direct a verdict in favor of the city on its indemnity claim against the building owner, and the jury, having found both defendants guilty of negligence, ap *531 portioned liability against the city in the amount of 65%, and against the owner in the amount of 35%. Based upon a total damages award of $100,000, judgment was entered against the city for its proportionate share, i.e., $65,000, exclusive of interest and costs (see General Obligations Law, § 15-108, subd [a]).
Under similar circumstances, it has been repeatedly held by the appellate courts of this State that while a municipality is responsible in an action based on the negligent condition of the sidewalk, it is entitled to judgment over as a matter of law against an owner who fails to maintain in a reasonably safe manner any installation in the sidewalk constructed for the special benefit and use of his property (Schrold v City of New York, 273 App Div 872, affd 298 NY 738; Ohrt v City of Buffalo, 281 App Div 344; Hughes v City of New York, 236 NYS2d 446, affd 25 AD2d 617; Lombardozzi v City of New York, 71 Misc 2d 271, mot for lv to opp den by App Div, NYLJ, Sept. 27, 1972, p 18, col 1). The water tap box was part of the private service connection running from the city water main situated in the middle of the roadway, and there is no dispute that the installation was made exclusively for the accommodation of the property owner, not the public at large.
The apportionment rule enunciated in Dole v Dow Chem. Co. (30 NY2d 143) did not abrogate traditional common-law rights of indemnity where one defendant, guilty of passive negligence, could shift liability for the entire loss to another defendant actively negligent under an implied contract of indemnity (Logan v Esterly, 34 NY2d 648, 651; Rogers v Dorchester Assoc., 32 NY2d 553, 565-566). Although there was testimony to the effect that there were cracks and depressions in the area of the sidewalk immediately surrounding the water box, the fact remains that plaintiff tripped over the raised box cover and not because of any other defect in the sidewalk. Nor was there any proof indicating that the condition of the sidewalk was in some way responsible for the unsafe elevation of the water box. We therefore cannot agree with the contention that plaintiff’s harm was occasioned by the concurrently negligent acts of two active tort-feasors. The City of New York in its capacity as a municipality has the duty to exercise reasonable care to keep its public thoroughfares in a reasonably safe condition, but its failure to do so in the instant action constituted passive negligence only; the affirmative duty to repair the defect devolved upon the owner, *532 and her failure to do so constituted active negligence (Hughes v City of New York, supra). On the question of notice, even assuming that the city had actual notice of the unsafe condition of the water box by virtue of a prior accident at the same location, to which a police officer responded, we do not view this notice, such as it was, sufficient to bar the city’s claim over or to discharge the property owner’s primary obligation (Lobello v City of New York, 268 App Div 880, affd 294 NY 816; Mazelis v Wallerstein, 51 AD2d 579).
Finally, it is noted that the stipulation of settlement between plaintiff and the third-party defendant could not prejudice the right of the city to obtain complete indemnification. Section 15-108 of the General Obligations Law, which deals with the rights of a joint tort-feasor who has settled out of a lawsuit, relieves him from future liability for contribution, but not indemnity (General Obligations Law, § 15-108, subd [b]; McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, p 719).
Concur: Hughes, J. P., Tierney and Riccobono, JJ.