■ DIANE M. D'AMBROSIO, an Infant, by Her Mother and Natural Guardian, ROSE D'AMBROSIO, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. HARRIET S. HOPP, Third-Party Defendant-Appellant. — Order, Appellate Term, First Department, entered November 27, 1979, which modified the judgment of Civil Court, New York County (Bissell, J., after jury trial), in favor of plaintiff in the amount of $65,493.82 against the City of New York, to the extent of awarding the City of New York, as third-party plaintiff, full indemnity against Hopp, affirmed, with costs, for the reasons stated at Appellate Term. Concur — Ross, Bloom and Carro, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and reinstate the judgment of the Civil Court. The plaintiff, a minor at the time of the accident, suffered injuries when she tripped over a metal disk imbedded in the sidewalk. She sued the city alleging that it had negligently caused and permitted this dangerous condition to exist. The city then claimed over against the owner of the abutting premises, alleging that the disk, which covered the housing for a shutoff valve for a water pipe, was constructed for the special benefit of the premises. The plaintiff did not amend her pleading to allege a cause of action against the owner. However, the plaintiff and the owner settled as between them for the sum of $22,500 with the understanding that the plaintiff would continue the action against the City of New York, and in the event that the city should obtain a judgment over against the owner, the plaintiff would hold the owner harmless on any such indemnification. The counsel for the owner did not participate further in the trial of the action. The jury awarded the plaintiff $100,000, proportioning liability 65% against the city and 35% against the owner. The trial court denied the city's motion for judgment over against the owner on its third-party complaint. Appellate Term modified the judgment by awarding the city full indemnification. The obvious effect of this is that the plaintiff is relegated to the original settlement of $22,500 in view of the settlement provisions above mentioned. There can be no dispute that indemnification is not subject to contribution. (CPLR 1404, subd [b]; *McDermott v City of New York,* 50 NY2d 211.) Further, where an employee was responsible for an injury and settled the case, an action was permitted to proceed against the employer whose only real obligation was vicarious by virtue of the doctrine of *respondeat superior. (Riviello v Waldron,* 47 NY2d 297; see McLaughlin, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 1404, pp 44-45 [Cum Supp, 1980-1981].) The theory of apportionment of liability among joint tort-feasors devolving from *Dole v Dow Chem. Co.* (30 NY2d 143), led to the 1974 amendment to section 15-108 of the General Obligations Law designed to foster settlements where contribution was involved. The result of the determination in this case can only have the opposite effect. (See Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3019, p 36-37 [Cum Supp, 1980-1981].) The basis for the shifting of all liability to the owner in this case is the active-passive dichotomy derived from the common law. (See *Logan*

*v Esterly,* 34 NY2d 648, 651; *Rogers v Dorchester Assoc.,* 32 NY2d 553, 565-566.) It is contended that while the city clearly had constructive notice (and it would seem to be implied from the jury apportionment that it had actual notice) of the defect, the raised metal disk, because of the special use it was the owner who was actively negligent and the city merely passively negligent. However, if this be so, why did the jury apportion 65% against the city and only 35% against the owner? Interestingly enough, under the circumstances of the settlement in this case and based on the holding now by this court, the only way that the third-party defendant owner could have protected herself after the settlement, was to contend during the trial that she was solely responsible, so that the jury would have assessed damages substantially against her. Then, any indemnification claimed would have been for a much smaller amount, if any, and the settlement would have substantially borne fruit. Instead, the third-party defendant has bought but a small peace, being $100,000 reduced to $87,500 ($65,000 plus $22,500), which would be the case were it not for the hold harmless clause given to the owner by the plaintiff.