■ DAVID HASKELL, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62071.) (And Three Other Actions.) — Appeals from orders of the Court of Claims, filed February 26, 1980, which granted the State's motions to dismiss the claims. In their original form, these claims demanded compensation for claimants' loss of dairy cows, required to be destroyed due to the introduction of bovine brucellosis (Bang's disease) into their herds. The State's liability for the loss was alleged to be based on the general responsibility of the Commissioner of Agriculture and Markets, pursuant to section 72 of the Agriculture and Markets Law, to properly control that disease in regard to the claimants' herds and other herds from which the State knew that the claimants were purchasing cows. Inasmuch as the commissioner is acting under the police power of the State and for the protection of the general public when he acts under section 72, the duty undertaken is to the public at large, and the State cannot be cast in damages for a mere failure to furnish adequate protection to an individual to whom it assumed no special duty (Southworth v State of New York, 47 NY2d 874; Evers v Westerberg, 38 AD2d 751, affd 32 NY2d 684). The failure of the original claims to allege a special duty prompted motions by the State for dismissal. In answer, the claimants submitted affidavits, requesting leave to amend their pleadings if the State's motions were granted. Accompanying the affidavits were copies of the proposed amendments. The Court of Claims held that the proposed amendments were not properly before it due to claimants' failure to cross-move on proper notice and further decided that even if the amendments were considered, they were insufficient to sustain valid claims. The granting of the State's motions to dismiss prompted these appeals. For the reasons which follow, we hold that the court should have considered claimants' proposed amendments and sustained the legal sufficiency thereof, at least in part. Although the amendments demanded by claimants in their requests for relief should have been properly noticed, the State could not validly claim surprise when the nature of the relief was clearly set forth in the claimants' answering affidavits. Therefore, the Court of Claims should have considered claimants' requested relief in the nature of a cross motion (Plateis v Flax, 54 AD2d 813, 814). The proposed amendments were numbered 1 and 2. No. 1 alleges that the State failed to supervise, inspect and control the sale of cows infected

with brucellosis and failed to apprise claimants thereof in time to prevent claimants' purchase of such cows. This amendment is legally insufficient for its failure to allege that the Commissioner of Agriculture and Markets undertook to perform a special duty to claimants as individuals. However, in regard to paragraph 2 of each of claimants' proposed amendments, it is alleged that the State "discontinued blood testing of the claimant's herd, lifted a quarantine and improperly induced the claimant into believing he need not be concerned about the brucellosis infection in his herd when such was not the fact. Such representations, negligently, carelessly and/or falsely made and [sic] caused the damage alleged hereinafter." It appears from this quoted provision that in testing claimants' herds the State is alleged to have falsely or negligently represented the absence of the disease in claimants' herds by discontinuing testing of claimants' cows and lifting quarantines previously imposed and induced them to rely on such representations, thereby preventing them from taking any means or measures to protect their herds from the spread of the disease. If such allegations prove true, claimants' reliance upon the representations was reasonable and the damages they sustained recoverable, for in that case, the State, through the Commissioner of Agriculture and Markets would have assumed a special affirmative duty in regard to claimants' herds by undertaking their supervision (*Dutton v City of Olean,* 47 NY2d 756). The special duty thus assumed must be performed in a nonnegligent manner, notwithstanding that absent the voluntary assumption of that duty none would have existed (*Florence v Goldberg,* 44 NY2d 189, 196). This determination concerns the validity of the claims as pleadings only, which, as such, must be liberally construed. Whether adequate proof exists in support of such claims is a question that must await later determination. Finally, although claimants may have an additional remedy for indemnity for their loss under section 88 of the Agriculture and Markets Law, the indemnity is limited to $300 for registered pure bred animals and $250 for other bovine animals. If claimants had resorted to section 88, the amount recovered thereon would affect the damages recoverable under their claims here, not the validity of the claims themselves. Section 88 does not provide that the remedy thereunder is in any way to be considered an exclusive remedy. The orders should, therefore, be reversed and the claims amended to the extent indicated herein. Orders reversed, on the law, with costs, motions to dismiss claims denied and cross motions to amend claims granted, in part, by allowing the amendments sought by paragraph 2 of the amended claims. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.