■ DONALD YOUNG, Individually and as Administrator of the Estates of JEFFREY M. YOUNG and Others, Deceased, Appellant, v JOSEPHINE S. ABDELLA et al., Defendants, and CITY OF GLOVERSVILLE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered November 5, 1980 in Fulton County, which dismissed the complaint against defendant City of Gloversville. On October 25, 1979, there was a tragic fire in an apartment building owned by defendants Josephine S. Abdella and Victoria Eva Abdella at 35½ Hamilton Street in the City of Gloversville. Three children of Clara Young, a lessee of one of the apartments, died as a result of injuries sustained in the blaze. Subsequently, plaintiff, the children's father, commenced three actions against the Abdellas and the City of Gloversville to recover for the alleged personal injuries and wrongful deaths of the children, and, with respect to the city, he alleged that the injuries and deaths were caused by its negligence in failing to properly inspect the apartment house and to enforce the building code, regulations and laws of the State of New York and ordinances of the City of Gloversville. In response, the city moved to dismiss the

complaints against it, pursuant to CPLR 3211 (subd [a], par 7), for failure to state a cause of action. Its motion was granted by Special Term and plaintiff appeals. We hold that the order of dismissal should be affirmed. As the Court of Appeals has held in a remarkably similar situation regarding a fire in a multiple dwelling, no liability may be imposed upon a municipality because of its failure to enforce statutes and regulations unless it can be shown that there existed a special relationship which created a municipal duty to exercise care for the benefit of a particular class of individuals *(Sanchez v Village of Liberty,* 42 NY2d 876). Here, no such relationship between the city and Mrs. Young and her deceased children has been demonstrated. In so ruling, we note that while plaintiff asserts in his brief that the mother of the fire victims relied upon a certificate of occupancy issued by the city when she occupied the apartment with her children, this allegation is found neither in his complaints nor in the affidavits made in opposition to the motion to dismiss. Moreover, unlike the situation in *Gordon v Holt* (65 AD2d 344, mot for lv to app den 47 NY2d 710; see, also, *Haskell v State of New York,* 81 AD2d 953), the city here undertook no action, such as voluntarily inspecting the subject apartment house at the request of the owners or tenants, whereby it can be said to have incurred a special duty to Mrs. Young or her children. Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.