■ J. PATRICK TIMMONS, as Executor of ROSE TIMMONS, Deceased, Respondent-Appellant, v ARTHUR J. HARVEY et al., Defendants, and CITY OF ALBANY, Appellant-Respondent. — Cross appeals from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered January 9, 1981, in Albany County, which granted, in part, defendant City of Albany's motion to dismiss the complaint. On October 31, 1978, plaintiff's decedent perished in a fire which engulfed an apartment building located at 17 Elk Street in the City of Albany. Subsequently, plaintiff commenced the present action against, *inter alia*, defendant City of Albany, and he seeks a recovery against the city based upon allegations that its negligence caused the death of his decedent. Relying on the doctrine of sovereign immunity, the city moved, on November 2, 1979, to dismiss the complaint against it for failure to state a cause of action, and plaintiff opposed this motion with a contention that sovereign immunity is not a bar to a recovery in this case. Ultimately, Special Term granted the dismissal motion with the exception of "that cause of action alleging the City of Albany was negligent in removing the impediment to their efforts to extinguish the * * * fire". The city now appeals from so much of the court's order as denied, in part, its motion to dismiss, and plaintiff cross-appeals from so much of the order as granted the city's motion. Insofar as plaintiff seeks to impose liability on the city for his decedent's death because of the city's alleged failure to enforce various housing and traffic laws and to repair an allegedly nonfunctioning fire hydrant, Special Term's dismissal of the complaint should not be disturbed. The statutes in question were enacted, and repairs to fire hydrants are made, for the public good and not especially for plaintiff's decedent or any particular class of persons. Such being the case, the city cannot be held liable here based upon its failure to enforce the subject laws or repair the hydrant (cf. *Sanchez v Village of Liberty*, 42 NY2d 876; *Young v Abdella*, 84 AD2d 890). With regard

to plaintiff's additional allegations that the city was negligent in the manner in which it fought the fire, these are likewise insufficient to state a cause of action against the city. Plaintiff's assertions that the fire department of the city negligently connected hoses to a nonfunctioning hydrant and negligently moved a vehicle which was impeding its efforts with the result that time was needlessly lost in the department's battle with the blaze, even if proven, would be inadequate to support a verdict against the city, and it should be noted that plaintiff makes no charge that the city did not make its best effort, in a difficult emergency situation, to save his decedent and extinguish the fire. Under these circumstances, the court should have dismissed the entire complaint against the city (cf. *La Duca v Town of Amherst,* 53 AD2d 1011; *Vogel v Liberty Fuel Corp.,* 52 AD2d 667). Order modified, on the law, by dismissing the entire complaint against defendant City of Albany, and, as so modified, affirmed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., and Herlihy, JJ., concur; Main, J, not taking part.