■ INEZ C. HILL, Appellant, v CITY OF SCHENECTADY, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered April 16, 1982 in Schenectady County, which granted a motion for summary judgment dismissing the complaint as against defendant City of Schenectady. This is a suit to recover for personal injuries and property damage which plaintiff, a tenant, suffered as the result of a December 8, 1979 fire which swept through an apartment building located in the City of Schenectady. The building was owned by defendant Septaugon Properties, Inc. The cause of action directed at the City of Schenectady is founded upon the latter's failure to enforce provisions of the Multiple Residence Law, the State Building Code and the city's code of ordinances. In August, 1976, the city's bureau of code enforcement notified the then owner of the building of a number of fire hazards discovered during an inspection of the building. The city apparently took no further action to ensure elimination of these dangers. Municipalities are not answerable for failing to enforce fire safety statutes and regulations unless a special duty can be found to exist between the plaintiff and the municipality (*Sanchez v Village of Liberty,* 42 NY2d 876; *Young v Abdella,* 84 AD2d 890). Here, however, there was nothing special about the relationship between plaintiff and the city, and hence no particular duty was owed to plaintiff (*Timmons v Harvey,* 85 AD2d 840). The mere fact that the premises were inspected and violations cited does not breed a special duty. *Smullen v City of New York* (28 NY2d 66) is distinguishable for there the city building inspector had made affirmations of safety directly to the plaintiff's decedent even though a highly unsafe condition actually existed. Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

# (January 14, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST MITCHELL, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2), for writ of habeas corpus denied, upon the ground that it appears from the papers that petitioner is not illegally detained (CPLR 7003, subd [a]). Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.