█ EDWARD J. QUINN et al., Respondents, v NADLER BROS., INC., Defendant, and CITY OF AMSTERDAM, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered January 27, 1982 in Montgomery County, which, *inter alia,* denied defendant City of Amsterdam's motion for summary judgment and granted plaintiffs' cross motion for leave to serve a supplemental bill of particulars. Plaintiff Edward J. Quinn, a fireman for the City of Amsterdam Fire Department, was injured on November 23, 1978 by flying bricks when a chimney in the center of the building owned by Nadler Bros., Inc., collapsed while he was fighting a fire therein. The complaint, as it relates to the city, alleges that the city, with notice of unsafe conditions in the building, began, pursuant to city ordinances, to take action to compel Nadler Bros. to correct the conditions but failed to follow through, leaving the deteriorating conditions which caused Edward Quinn's injuries. It is uncontested that on August 2, 1976 the city conducted an exterior inspection of the building and thereafter sent a letter to Nadler Bros. advising it of the problems found, the most serious of which, aside from broken glass and weeds, was that the foundation at the northeast corner of the building was in need of repair. The one structural defect found was considered stable and subsequent inspec-

tions revealed it had not worsened. In July, 1977, the city demanded that demolition of the building be commenced within 30 days and set up a hearing date before the deadline. The hearing did not take place and no further action was taken by the city prior to the fire about a year later. In October, 1981, the city moved for summary judgment on the ground plaintiffs' exclusive remedies against it were under sections 205-a and 207-a of the General Municipal Law and that case law established the city's immunity from civil liability. Plaintiffs cross-moved for permission to serve a supplemental bill of particulars listing city ordinances to be relied upon in plaintiffs' case. Special Term denied the city's motion for summary judgment, dismissed plaintiffs' cause of action based on section 205-a of the General Municipal Law (from which no appeal was taken) and granted plaintiffs' cross motion relating to the bill of particulars. This appeal by the city ensued. The order entered at Special Term should be reversed, the city's motion for summary judgment granted and the complaint against the city dismissed. Under the facts of this case, the city should not be held liable in civil damages for its failure to fully enforce a building safety ordinance which would have removed the building hazard that injured plaintiff Edward Quinn. Generally, a municipality, despite the State's waiver of governmental immunity, will not be held liable for its torts, unless a duty is found running from the municipality to the injured individual (see *Florence v Goldberg,* 44 NY2d 189, 194-195). Where the city's duty is one that runs to the *public at large* to carry out a general governmental function like police or fire protection, the city is not liable for its failure to supply adequate protection to a *particular* individual. This rule applies to enforcement of building ordinances as well (*Sanchez v Village of Liberty,* 42 NY2d 876; *Motyka v City of Amsterdam,* 15 NY2d 134). In the instant case, Special Term erroneously ruled that an issue of fact existed under the "inherently dangerous" instrumentality theory, concerning whether the Nadler Bros. building, with the city's knowledge, presented an imminent danger to human life or health and whether that danger was a proximate cause of Quinn's injuries. The "inherently dangerous" instrumentality theory has been applied in two types of cases: (1) where a building is in imminent danger of collapse (*Mazelis v Wallerstein,* 51 AD2d 579; *Runkel v City of New York,* 282 App Div 173), and (2) where city inspectors approve a dangerous condition obviously in violation of city codes (*Smullen v City of New York,* 28 NY2d 66; *Gannon Personnel Agency v City of New York,* 57 AD2d 538). Here, the degree of debilitation involved did not make the building inherently dangerous and the structural deficiencies the city was aware of did not include the one which caused plaintiff's injuries. The most serious structural violation, erosion of the northeast foundation, had not progressed far and was located in a different portion of the building from that in which the chimney collapsed. The second class of cases applying the "inherently dangerous" instrumentality theory are inapplicable since here no city inspectors approved a condition in violation of city codes. There was thus no factual issue to be resolved under the "inherently dangerous" instrumentality theory. Plaintiff Quinn's contention that a special relationship exists between himself and the city because the city voluntarily assumed a duty of care toward city firemen and must then perform that duty in a nonnegligent manner (citing *Florence v Goldberg,* 44 NY2d 189, *supra*) is not persuasive on these facts. Despite plaintiffs' arguments, nothing in the labor laws imposes a duty on the city to protect its firemen from code violations in buildings that present fire hazards, and the city's partial efforts to repair or remove a building with such violations do not create that duty either. The city's recognition of the Nadler Bros. building as a fire hazard does not create liability. These inspections were carried out as part of the city's general duty to the public to ascertain that buildings are safe (see *Motyka v City of Amster-*

*dam,* 15 NY2d 134, *supra*) not as part of a duty to firemen. Unless a building is in imminent danger of collapse or someone specifically relies on a positive inspection report, no special relationship and thus no special duty is created by a city's inspection (see *Young v Abdella,* 84 AD2d 890; *Runkel v City of New York,* 282 App Div 173, *supra*). Further, the city's recognition of code violations and its partial efforts to enforce the building codes do not create a special relationship since those efforts, unlike the situation in *Florence v Goldberg* (44 NY2d 189, *supra*), do not establish a commitment to act to protect a particular limited class of persons which includes plaintiff. Nor do those efforts reach the level of controlling and directing the situation to the degree of inducing Quinn's reliance, as was the case in *Smullen v City of New York* (28 NY2d 66, *supra*). Moreover, the dangers the inspection exposed did not include the defect in the chimney which fell on fireman Quinn. Finally, plaintiffs cannot impose liability on the city relying on the exceptions to *Motyka v City of Amsterdam* (15 NY2d 134, *supra*). The city here did not know of the defective chimney and thus the city was not on notice of that danger. Additionally, the city did not have the degree of control and direction which was found to create liability in those exceptions. In *Smullen v City of New York* (28 NY2d 66 *supra*), a city inspector was present at the site of an unshored open trench when a workman entered it and it thereupon collapsed killing him. The workman's reliance on the inspector there was highly significant. And again, the instant efforts were directed at removing the source of possible injury to plaintiff Quinn. *Young v Abdella* (84 AD2d 890, *supra*), also cited by plaintiffs, is likewise factually distinguishable from the case at bar and, therefore, inapplicable. In view of our dismissal of the complaint as against the city, plaintiff's cross motion for leave to serve a supplemental bill of particulars is rendered academic and will be dismissed. Order reversed, on the law, with costs, defendant city's motion for summary judgment granted, and complaint against said defendant dismissed; cross motion by plaintiff dismissed as academic. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.