■ PATRICIA BEPLAT et al., Respondents, v CITY OF NEW YORK, Defendant, and STEPHAN WEISS STUDIOS, LTD., et al., Appellants. [668 NYS2d 382] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about October 24, 1996, which denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is of no moment that the prior owners, and not defendants, the present owners of the building abutting the sidewalk where the fuel oil intake valve over which plaintiff tripped is located, installed the valve in the sidewalk and that defendants have never made use of it. It is the capability of use rather than the actual use that creates liability on the basis of the abutting owner's special use (*Lombardozzi v City of New York*, 71 Misc 2d 271, 272-273). Issues of fact exist as to whether the valve, which protruded two inches above the sidewalk and was filled with cement at the time of the accident, constituted a dangerous condition on the sidewalk. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.