Preaster v City of Syracuse (2018 NY Slip Op 02962)





Preaster v City of Syracuse


2018 NY Slip Op 02962


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


397 CA 17-01246

[*1]KENNETH PREASTER AND KATHRYN PREASTER, PLAINTIFFS-APPELLANTS,
v
CITY OF SYRACUSE, DEFENDANT-RESPONDENT. 






WOODRUFF LEE CARROLL, SYRACUSE, FOR PLAINTIFFS-APPELLANTS.
JOSEPH E. FAHEY, CORPORATION COUNSEL, SYRACUSE (TODD LONG OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 10, 2017. The order, among other things, granted defendant's motion to dismiss plaintiffs' "second amended complaint." 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages arising from a fire on their property. According to plaintiffs, defendant's failure to repair a fire hydrant increased the damages they sustained when their house caught on fire. Plaintiffs appeal from an order that, inter alia, granted defendant's motion to dismiss the "second amended complaint" and denied plaintiffs' cross motion and "second motion" for leave to amend the second amended complaint. We affirm.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]; see Moore v Del-Rich Props., Inc., 151 AD3d 1817, 1818-1819 [4th Dept 2017]). A municipality performs a purely proprietary role when its "activities essentially substitute for or supplement traditionally private enterprises' " (Sebastian v State of New York, 93 NY2d 790, 793 [1999]). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (Applewhite, 21 NY3d at 425 [internal quotation marks omitted]). It is well settled that where, as here, "the alleged negligence stems from municipal efforts to protect the safety of the public by aggregating and supplying water for the extinguishment of fires,' it is engaged in a government function entitled to immunity" (Billera v Merritt Constr., Inc., 139 AD3d 52, 57 [3d Dept 2016]). Contrary to plaintiffs' further contention, "repairs to fire hydrants are made[] for the public good and not especially for . . . any particular class of persons. Such being the case, [defendant] cannot be held liable here based upon its failure to . . . repair the hydrant" (Timmons v Harvey, 85 AD2d 840, 840 [3d Dept 1981]; see Rood Utils. v City of Auburn, 233 AD2d 873, 874 [4th Dept 1996]).
Plaintiffs further contend that, although, as a general rule, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide . . . fire protection" (Etienne v New York City Police Dept., 37 AD3d 647, 649 [2d Dept 2007]), this case falls within the "narrow class of cases in which [the courts] have recognized an exception to this general rule and have upheld tort claims based upon a special relationship' between the municipality and the claimant" (Cuffy v City of New York, 69 NY2d 255, 260 [1987], quoting De Long v County of Erie, 60 NY2d 296, 304 [1983]). We reject that contention. The elements of that special relationship include "an assumption by the municipality, [*2]through promises or actions, of an affirmative duty to act on behalf of the party who was injured" (Cuffy, 69 NY2d at 260), and here plaintiffs failed to allege any promises or actions by defendant indicating an affirmative duty to act on their behalf. Plaintiffs thus failed to allege a special relationship that would support a claim for negligence against this municipal defendant.
We have considered plaintiffs' remaining contentions and conclude that they are without merit.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court